Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Dana L. Burch, Bar No. 224713
dburch@lcwlegal.com
Ariana R. Fil, Bar No. 341814
afil@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone: 415.512.3000
Facsimile: 415.856.0306

Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – EUREKA-MCKINLEYVILLE

| | |
|---|---|
| STEVEN A. SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HUMBOLDT,<br><br>Defendant. | Case No.: 1:22-cv-07485-RMI<br><br>Complaint Filed: November 28, 2022<br><br>**DEFENDANT COUNTY OF HUMBOLDT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 14, 2023<br>Time: 11:00 a.m.<br>Judge: Honorable Robert M. Illman<br>Courthouse: Eureka-McKinleyville Federal Courthouse |

**TO PLAINTIFF STEVEN A. SANTOS:**

**PLEASE TAKE NOTICE** that on February 14, 2022, at 11:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at Eureka-McKinleyville Federal Courthouse, 3140 Boeing Avenue, McKinleyville, California 95519, Defendant COUNTY OF HUMBOLDT ("Defendant" or "County") will move the Court pursuant Federal Rules of Civil Procedure, Rule 12(b)(6) to dismiss the Complaint on the following grounds:

1. Plaintiff failed to plead facts sufficient to establish that both he and Defendant are subject to the Americans with Disabilities Act ("ADA");

2. Plaintiff's first cause of action, for Retaliation under the ADA fails because Plaintiff did not plead facts sufficient for relief to be granted;

3. Plaintiff's second cause of action, for Interference under the ADA fails because Plaintiff did not plead sufficient facts for relief to be granted.

4. Plaintiff's request for compensatory damages and attorneys' fees must be stricken from the Complaint.

Alternatively, Defendant moves for a more definite statement of Plaintiff's claims pursuant to Federal Rules of Civil Procedure, Rule 12 (e).

This motion is based on this Notice of Motion and Memorandum of Points and Authorities, the pleadings and papers on file herein, and on such further evidence and argument as may hereafter be presented.

Dated: January 5, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: Dana L. Burch

Morin I. Jacob
Dana L. Burch
Ariana R. Fil
Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 6

II. STATEMENT OF ISSUES TO BE DECIDED [LR 7-4(A)(3)] ..... 6

III. STATEMENT OF RELEVANT FACTUAL ALLEGATIONS ..... 6

IV. LEGAL STANDARD FOR MOTIONS TO DISMISS ..... 8

V. LEGAL ARGUMENT ..... 10

A. PLAINTIFF'S CLAIM THAT DEFENDANT VIOLATED TITLES I AND V OF THE AMERICANS WITH DISABILITIES ACT ..... 10

1. Plaintiff Failed to Plead Facts Sufficient to Sustain a Claim Under the ADA ..... 10

a. Plaintiff Failed to Allege That Defendant Has 15 Employees and Is Therefore Subject to the ADA ..... 10

b. Plaintiff Failed To State Facts to Support His Conclusory Allegation That He Is a Qualified Individual under the ADA ..... 10

c. Plaintiff's Complaint Fails Because He Did Not Identify Any Specific Section of the ADA – Rather He Referred to Title I and Title V in Their Entirety ..... 11

B. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT FOR A CLAIM OF RETALIATION UNDER THE ADA ..... 11

C. PLAINTIFF'S SECOND CLAIM FOR INTERFERENCE UNDER THE ADA LACKS SUFFICIENT FACTUAL SUPPORT ..... 13

D. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COMPENSATORY DAMAGES ARE IMPROPER AND MUST BE STRICKEN FROM THE COMPLAINT ..... 15

VI. ALTERNATIVELY, DEFENDANT SEEKS A MORE DEFINITE STATEMENT OF PLAINTIFF'S CLAIMS ..... 15

VII. CONCLUSION ..... 16

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## TABLE OF AUTHORITIES


Page(s)

**Federal Cases**

*Adams v. Anne Arundel Cty. Pub. Schs.*
789 F.3d 422 (4th Cir. 2015) ....................12

*Agape Family Worship Ctr., Inc. v. Gridiron*
2016 WL 633864 (C.D. Cal. Feb. 16, 2016)....................14

*Ahern v. Shinseki,*
629 F.3d 49 (1st Cir. 2010)....................12

*Alvarado v. Cajun Operating Co.*
588 F.3d 1261 (9th Cir. 2009) ....................15

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)....................9

*Bell Atl. Corp v. Twombly*
550 U.S. 544 (2007)....................9

*Brown v. City of Tucson*
336 F.3d 1181 (9th Cir. 2003) ....................14

*Burks v. Wisconsin Dept. of Transp.*
464 F.3d 744 (7th Cir. 2006) ....................11

*Burlington N. & Santa Fe Ry. Co. v. White*
548 U.S. 53 (2006)....................12

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) ....................9

*Crawford-El v. Britton*
523 U.S. 574 (1998)....................15

*Famolare, Inc. v. Edison Bros. Stores, Inc.*
525 F.Supp. 940 (E.D. Cal. 1981)....................15

*Fields v. Village of Skokie*
502 F.Supp. 456 (D.C.Ill. 1980) ....................15, 16

*Frakes v. Peoria Sch. Dist.*
872 F.3d 545 (7th Cir. 2017) ....................14

*In re Gilead Sciences Securities Litigation*
536 F.3d 1049 (9th Cir. 2008) ....................9

*Jones v. D.C. Dep't of Corr.*
429 F.3d 276 (D.C. Cir. 2005) ....................12


Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

*Kramer v. Banc of America Secur., LLC*
355 F.3d 961 (7th Cir. 2004) ....................15

*Lovell v. Chandler*
303 F.3d 1039 (9th Cir. 2002) ....................10

*Morales-Vallellanes v. Potter*
605 F.3d 27 (1st Cir. 2010)....................12

*Pardi v. Kaiser Found. Hosps.*
389 F.3d 840 (9th Cir. 2004) ....................11

*Schmier v. US Court of Appeals for the Ninth Circuit*
279 F.3d 817 (9th Cir. 2002) ....................9

*Siegert v. Gilley*
500 U.S. 226, 111 S.Ct. 1789, 1795 (1991)....................15

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ....................9, 10

*Stern v. California State Archives*
982 F. Supp. 690 (E.D. Cal. 1997)....................10

*Whittlestone, Inc. v. Handi-Craft Co.*
618 F.3d 970 (9th Cir. 2010) ....................14

**State Cases**

*City of Long Beach v. Sten*
206 Cal. 473 (1929) ....................15

*Patterson v. Donner*
48 Cal. 369 (1874) ....................15

*Trope v. Katz*
11 Cal. 4th 274 (1995) ....................15

**Fedral Statutes**

42 U.S.C. § 12111....................10

42 U.S.C. § 12203 (b) ....................13

**Federal Rules**

Federal Rules of Civil Procedure section 12 (b)(6) ....................8

Federal Rules of Civil Procedure section 12 (e) ....................15

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Steven A. Santos ("Plaintiff") is currently employed as a Senior Planner at Defendant County of Humboldt ("Defendant" or "County") in the Planning and Building Department. Plaintiff asserts that Defendant retaliated against him for engaging in protected activities and intentionally interfered with his exercise of rights under the Americans with Disabilities Act ("ADA"). Plaintiff's Complaint is vague and uncertain such that Defendant cannot determine the charges against it. Plaintiff has not asserted sufficient facts to pursue a claim against the County under the ADA because he has not established the both he and the County are subject to the ADA statute.

To the extent that Plaintiff has asserted ascertainable causes of action, the Complaint fails to state a claim for which relief can be granted. Plaintiff's machine-gun approach to his Complaint fails to clearly state *prima facie* claims for Retaliation and Interference – the only two claims pled against Defendant.

Accordingly, Defendant seeks the dismissal of both claims in Plaintiff's Complaint. Alternatively, if this Court is not inclined to dismiss Plaintiff's Complaint, Defendant seeks a more definite statement of Plaintiff's claims.

## II. STATEMENT OF ISSUES TO BE DECIDED [LR 7-4(A)(3)]

(1) Whether Plaintiff's claims for relief against Defendant must be dismissed for failure to state a claim upon which relief can be granted.

(2) Whether Plaintiff's claims for relief against the Defendant must otherwise be dismissed, without leave to amend, as a matter of law.

## III. STATEMENT OF RELEVANT FACTUAL ALLEGATIONS

Plaintiff is currently employed by Defendant County of Humboldt, a public sector employer, as a Senior Planner in the Planning and Building Department. Complaint, ¶¶4 and 5. Plaintiff alleges that he notified Defendant of his disability on August 8, 2016, by voluntarily sharing specific information regarding his medical condition. Complaint, ¶6. Following this, Defendant requested documents from Plaintiff regarding his condition to adequately provide

Plaintiff with accommodations. Complaint, ¶6. Defendant received the final document requested from Plaintiff on January 18, 2019, and shortly thereafter, provided Plaintiff with adequate accommodations, which included a private office and flexible schedule. Complaint, ¶6.

Plaintiff asserts that on February 5, 2021, Defendant told him that he would be required to work in a physical setting outside of his office. Complaint, ¶7. Plaintiff alleges that Defendant told him that he would have to go through the interactive process all over again. Complaint, ¶7. On June 14, 2021, Plaintiff and Defendant engaged in an interactive process meeting. Complaint, ¶9. On May 20, 2021, Defendant advised Plaintiff that he would need to undergo a fitness for duty exam. Complaint, ¶8.

On July 14, 2021, Plaintiff requested copies of all records related to his ADA status. Complaint, ¶10. Plaintiff asserts that Defendant did not provide any records. Complaint, ¶10. Plaintiff then hired an attorney to request the records and on October 14, 2021, Defendant provided Plaintiff with copies of his job applications and performance evaluations. Complaint, ¶10. Plaintiff asserts that he made additional requests on November 9, 2021 and February 1, 2022 for copies of his "ADA records" but claims that Defendant failed to provide any documents responsive to his requests. Complaint, ¶10.

Plaintiff lodged complaints with both the Defendant's Human Resources and the Equal Employment Opportunity Commission ("EEOC") on July 14, 2021. Complaint, ¶¶11 and 12.

On July 26, 2021, Defendant provided Plaintiff with a supplemental medical questionnaire. Complaint, ¶13. Plaintiff asserts that the questionnaire contained questions that were "out of the scope of medical inquiry allowed under the ADA" and that were already answered. Complaint, ¶13. Plaintiff objected to the questionnaire. Complaint, ¶13.

On September 1, 2021, Plaintiff informed Defendant that an interview was scheduled with the California Department of Fair Employment and Housing ("DFEH") regarding a complaint of retaliation. Complaint, ¶14.

On November 2, 2021, Plaintiff received a Notice of Directive from Defendant requiring him to submit to a fitness for duty exam. Complaint, ¶15. On November 15, 2021, Plaintiff attended the fitness for duty exam. Complaint, ¶18. On December 7, 2021, Plaintiff sent a letter

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

to Defendant advising that the medical examiner invaded Plaintiff's medical privacy. Complaint, ¶19.

On January 26, 2022, Plaintiff and Defendant had another Interactive Process meeting to go over the medical examiner's responses. Complaint, ¶20. On January 31, 2022, Defendant sent Plaintiff a summary of the January 26, 2022 Interactive Process meeting. Complaint, ¶21. Plaintiff asserts that Defendant "took away" Plaintiff's flexible schedule accommodation in that January 31, 2022 correspondence. Complaint, ¶21.

Based on these allegations, Plaintiff asserts that Defendant violated Titles I and V of the ADA. Complaint, ¶25. In Plaintiff's first cause of action, he alleges retaliation under the ADA. Complaint, ¶26. Specifically, Plaintiff asserts that he "1) asked for ADA accommodation to be respected; 2) made complaint under county Equal Employment Opportunity ["EEO"] policy; 3) made complaint to EEOC; made complaint to DFEH; 4) expressed opposition regarding the content of the medical questionnaire; 5) attempted to gather evidence by requesting records." Complaint, ¶26. Plaintiff claims that he was subject to material adverse action that "might well deter a reasonable person from engaging in protected activities." Complaint, ¶27. Specifically, Plaintiff claims that he was "1) subjected to an illegal fitness for duty exam; 2) subjected to a predatory medical questionnaire; 3) subjected to an invasion of personal medical privacy; 4) told he did not a disability or accommodation while having protected status; 5) subjected to the removal of the flexible schedule portion of his accommodation." Complaint, ¶27.

Plaintiff's second cause of action is for intentional interference under the ADA. Complaint, ¶29. Specifically, Plaintiff claims that "defendant withheld records and documents for which plaintiff is entitled and did not provide plaintiff adequate notice or opportunity to prepare and participate in interactive meetings." Complaint, ¶29.

Plaintiff's Complaint seeks relief in the form of attorney's fees, court costs, 160 hours of sick leave and $150,000 in pain and suffering. Complaint, ¶30.

## IV. <u>LEGAL STANDARD FOR MOTIONS TO DISMISS</u>

A complaint is properly dismissed if the facts alleged are insufficient to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure



Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

to state a claim under Federal Rules of Civil Procedure 12 (b)(6), the complaint must meet two criteria to satisfy FRCP Rule 8: (1) It must assert a plausible claim; and (2) It must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)) ["Twombly/Iqbal" standard]. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 662.

Pleadings are not satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Id.* To satisfy the *Twombly/Iqbal* standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id.* The plausibility requirement requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. The Court is not required to accept as true "merely conclusory [allegations], unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).)

Claims for relief that cannot be cured by amendment should be dismissed without leave to amend. *Schmier v. US Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "futility of amendment" as a proper basis to dismiss without leave to amend).

/ / /

/ / /

/ / /

/ / /

## V. LEGAL ARGUMENT

### A. PLAINTIFF'S CLAIM THAT DEFENDANT VIOLATED TITLES I AND V OF THE AMERICANS WITH DISABILITIES ACT

#### 1. Plaintiff Failed to Plead Facts Sufficient to Sustain a Claim Under the ADA

In order to proceed with his claims against Defendant, Plaintiff must first establish that both he and Defendant are subject to the ADA. 42 U.S.C. § 12111, *et seq*. Plaintiff cannot maintain an ADA claim against a defendant who does not otherwise satisfy the definition of an employer under the ADA. *Stern v. California State Archives*, 982 F. Supp. 690, 692 (E.D. Cal. 1997). Similarly, in order to proceed, Plaintiff must first show he is a "qualified individual" with a "disability" within the meaning of the ADA. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

##### a. Plaintiff Failed to Allege That Defendant Has 15 Employees and Is Therefore Subject to the ADA

Plaintiff has failed to allege that Defendant is an employer subject to the ADA. As defined by the ADA, the term "employer" means "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111 (5)(A). Plaintiff's Complaint is silent as to the number of people employed by Defendant.

##### b. Plaintiff Failed To State Facts to Support His Conclusory Allegation That He Is a Qualified Individual under the ADA

Plaintiff does not state facts to support his conclusory allegation that he is a "qualified individual" under the statute. The ADA defined the term "qualified individual" to be "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111 (8). Plaintiff fails to plead any facts regarding whether (with or without accommodations) he is qualified for the position at issue. Although the Court must accept all factual allegations of the complaint as true, it is not "required to accept as true, allegations that are merely conclusory,



Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Without some facts to support the conclusory allegation that Plaintiff is a qualified individual, Plaintiff's Complaint fails to assert a claim under the ADA.

**c. Plaintiff's Complaint Fails Because He Did Not Identify Any Specific Section of the ADA – Rather He Referred to Title I and Title V in Their Entirety**

Plaintiff's Complaint is vague and uncertain as to the specific causes of action alleged against Defendant. Plaintiff's Complaint does not cite to any specific code section of the ADA. Rather, the Complaint broadly references Title I and Title V of the ADA in their entirety. Notably, although Plaintiff identified Title I he does not allege any claim under Title I. Rather, the two claims delineated in the Complaint - Retaliation and Interference - are in Title V of the ADA. Therefore, any claim(s) under Title I have not been sufficiently plead and should be dismissed.

**B. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT FOR A CLAIM OF RETALIATION UNDER THE ADA**

Assuming *arguendo* that Plaintiff's claims are subject to the ADA, Plaintiff has still failed to state a claim for which relief can be granted. To establish a *prima facie* case of retaliation Plaintiff must show that:

1. the employee engaged in an activity the ADA protects;
2. the employer took an adverse employment action against the employee; and
3. a causal link exists between the protected activity and the employer's adverse action.

*Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 758 (7th Cir. 2006) (Rehabilitation Act case). Plaintiff's claims of protected activity are that he asked that an ADA accommodation he had been provided be adhered to; he made complaints to EEO, EEOC and DFEH; he expressed opposition to content of a medical questionnaire; and he made a request for records. Complaint, ¶ 26.

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Plaintiff alleges that he was subjected to an adverse action that "might well" deter a reasonable person from engaging in protected activities. Complaint, ¶ 27. The Supreme Court's decision in *Burlington Northern & Santa Fe Railway v. White* announced the standard for determining whether a retaliatory employment action is sufficiently severe to qualify as an adverse employment action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Although this is a Title VII case, courts apply the same standard in ADA cases. *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015) (relying on the "analogous Title VII context"). In order to meet the standard, Plaintiff has to demonstrate that the action "would have been materially adverse to a reasonable employee ..." *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 57. The action must be "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.*

Here, Plaintiff fails to identify any adverse action that was taken against him. Rather, Plaintiff identifies aspects of the interactive process and repackages them as "adverse actions." Plaintiff alleges the following aspects of the interactive process were in fact adverse actions: fitness for duty exam, medical questionnaire, being told he did not have a disability or accommodation, and the removal of his flexible schedule. Complaint, ¶ 27. None of these rise to the level of an adverse action because they are not so severe that they would dissuade a reasonable employee from making a claim under the ADA. Rather, they are part of the interactive process. As part of the interactive process, Defendant must meet with Plaintiff and gain information to assess his functional limitations in order to determine reasonable accommodations. Medical examinations, questionnaires and meetings are all part of the process which employers must go through in order to determine reasonable accommodations that will permit the employee to perform the essential functions of their job. These are not adverse to the employee but rather part and parcel of the interactive process.

Plaintiff claims that removal of his flexible schedule was an adverse action. However, changes to an employee's schedule or work assignments are not materially adverse. *See, e.g.*, *Ahern v. Shinseki*, 629 F.3d 49, 56-57 (1st Cir. 2010) (threatening change to employees' schedule was not materially adverse); *Morales-Vallellanes v. Potter*, 605 F.3d 27, 37-38 (1st Cir.

2010) (granting of less favorable break times and temporary assignment to post office window duty not adverse employment actions); *Jones v. D.C. Dep't of Corr.*, 429 F.3d 276, 281 (D.C. Cir. 2005) (stating that transfer that did not result in reduction in pay or benefits not adverse employment action).

Notably, Plaintiff continues to work for Defendant. Plaintiff does not allege that he was terminated, denied a promotion, provided a negative evaluation or any other adverse action. Plaintiff's Complaint is silent as to any instance of retaliation on the part of Defendant. To the contrary, Plaintiff admits that Defendant provided him with accommodations starting in 2019. Complaint, ¶ 6. Without some allegation of an adverse action, Plaintiff has not stated facts sufficient to support a Retaliation claim under the ADA.

Assuming *arguendo* that any of the above are adverse actions, which they are not, Plaintiff fails to assert facts to show a causal connection between any claimed adverse action and a protected activity. Plaintiff admits that he informed Defendant of his disability in 2016. Complaint, ¶ 6. Yet the fitness for duty exam, medical questionnaire, alleged invasion of privacy and removal of flexible schedule all occurred in 2021 and 2022 – more than five years later. Complaint, ¶¶8, 9, 13, 18, and 21. There is no temporal proximity that would allow an inference of causal link between the protected activity and the alleged adverse actions. Other than conclusory allegations, Plaintiff's Complaint lacks sufficient facts to support a claim for Retaliation under the ADA.

Accordingly, Defendant requests dismissal of Plaintiff's first claim for Retaliation alleged against Defendant without leave to amend.

### C. PLAINTIFF'S SECOND CLAIM FOR INTERFERENCE UNDER THE ADA LACKS SUFFICIENT FACTUAL SUPPORT

Plaintiff's Complaint lacks sufficient facts to establish an interference claim under the ADA. Under the ADA anti-interference provision, it is unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on the account of his or her having aided or encouraged any other

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b).

With respect to an ADA interference claim, the Ninth Circuit has adopted the test for anti-interference claims under the Fair Housing Act, Title 42 United States Code section 3617, ("FHA"), which includes an interference provision identical to that in the ADA. *See Brown v. City of Tucson*, 336 F.3d 1181, 1191–1193 (9th Cir. 2003). Therefore, to establish a *prima facie* ADA interference claim Plaintiff must demonstrate that he: (1) engaged in activity statutorily protected by the ADA; or (2) engaged in, or aided or encouraged others in, the exercise or enjoyment of ADA protected rights; (3) that the defendant coerced, threatened, intimidated, or interfered on account of his protected activity; and (4) that the defendants were motivated by an intent to discriminate. *Frakes v. Peoria Sch. Dist.*, 872 F.3d 545, 550–51 (7th Cir. 2017).

Here, Plaintiff does not delineate which right(s) Defendant purportedly interfered with. Plaintiff alleges that Defendant withheld records and did not provide adequate notice for interactive process meetings. There are no facts pleaded that show Defendant coerced, threatened, intimidated, or interfered with Plaintiff *on account of* his alleged protected activity. There is no claim that Defendant did anything to cease Plaintiff's efforts to lodge complaints with the EEO, EEOC and DFEH. In fact, Plaintiff admits that he received his personnel records from Defendant. Without some facts demonstrating interference on the part of Defendant, Plaintiff has not stated facts upon which relief may be granted.

Moreover, there is not a single fact in the Complaint that shows an intent to discriminate – a required element of an interference claim. To the contrary, Plaintiff admits that Defendant engaged in a lengthy interactive process and granted Plaintiff accommodations such as a private office and flexible schedule. Complaint, ¶6. Beyond conclusory claims, Plaintiff fails to state any facts to show that Defendant engaged in interference motivated by an intent to discriminate. As such, Plaintiff has not established a prima facie claim for interference and Plaintiff's Complaint should be dismissed without leave to amend.

/ / /

/ / /

**D. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COMPENSATORY DAMAGES ARE IMPROPER AND MUST BE STRICKEN FROM THE COMPLAINT**

A motion to dismiss is the proper procedure to attack improper damage claims in a complaint. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010); *Agape Family Worship Ctr., Inc. v. Gridiron*, No. 5:15-CV-1465-ODW-SPX, 2016 WL 633864, at *6 (C.D. Cal. Feb. 16, 2016).

Plaintiff's prayer for relief seeks attorney's fees (despite the fact that he is *in pro per*), court costs, 160 hours of sick leave and $150,0000 in pain and suffering. As a preliminary matter, attorney's fees are not available to a plaintiff appearing in pro per. *See City of Long Beach v. Sten*, 206 Cal. 473, [274 P. 968] (1929); *Trope v. Katz*, 11 Cal. 4th 274, 281 (1995); *Patterson v. Donner*, 48 Cal. 369, 380 (1874). As such, Plaintiff's request for attorney's fees must be stricken from the Complaint.

The remedies available for ADA retaliation and interference claims are governed by Title 42 United States Code section 12117, which expressly authorizes only certain equitable relief, including backpay. *See Kramer v. Banc of America Secur., LLC*, 355 F.3d 961, 964 (7th Cir. 2004) (compensatory and punitive damages not available under ADA's retaliation and interference provisions); *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) (same). Accordingly, Plaintiff's claim for $150,000 in compensatory damages, and request for attorney's fees, should be stricken.

**VI. <u>ALTERNATIVELY, DEFENDANT SEEKS A MORE DEFINITE STATEMENT OF PLAINTIFF'S CLAIMS</u>**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. In such cases, defendant cannot be reasonably expected to frame a proper response. *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981). If a pleading is vague and ambiguous

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

because it attempts to state numerous causes of action in a rambling manner, a motion for more definite statement under Rule 12(e) may be used to compel a plaintiff to state these claims properly. *See Fields v. Village of Skokie*, 502 F.Supp. 456, 459-460 (D.C.Ill. 1980). The Court may grant a defendant's motion for more definite statement under Rule 12(e) by insisting "that the plaintiff 'put forward specific, nonconclusory factual allegations' in order to survive a prediscovery motion for dismissal or summary judgment." (*Crawford-El v. Britton*, 523 U.S. 574, 598 (1998), citing *Siegert v. Gilley*, 500 U.S. 226, 236, 111 S.Ct. 1789, 1795 (1991).

Here, Plaintiff's Complaint is so vague and ambiguous that Defendant cannot possibly prepare a response. Plaintiff has a lengthy statement of facts but fails to identify discernable causes of action. Due to the ambiguity of the pleading, and the necessity of giving adequate notice of liability to Defendant, Defendant requests a more definitive statement with respect to each cause of action brought, the specific legal basis for each claim, and the factual allegations that support each claim.

Accordingly, Plaintiff should be compelled to provide a more definite statement by invoking a specific provision under the ADA that he alleges the Defendant violated. Clarifying his claims will enable the Defendants to provide a proper response to the Plaintiff's allegations, and is essential before summary judgment can be requested. *See Fields*, 502 F.Supp. at 456, 459-460.

## VII. CONCLUSION

For the foregoing reasons, Defendant requests that Plaintiff's entire Complaint be dismissed, without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Alternatively, if this Court is not inclined to dismiss the Complaint, Defendant requests a more definite statement of Plaintiff's claims – specifically a clear delineation of the causes of action brought, the legal basis for each claim and the factual allegations supporting each claim.

Dated: January 5, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: [signature]

Morin I. Jacob
Dana L. Burch
Ariana R. Fil
Attorneys for Defendant COUNTY OF HUMBOLDT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: **135 Main Street, 7th Floor, San Francisco, California 94105.**

On **January 5, 2023**, I served the foregoing document(s) described as **DEFENDANT COUNTY OF HUMBOLDT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** in the manner checked below on all interested parties in this action addressed as follows:

Mr. Steven A. Santos
1224 S Street
Eureka, CA 95501
Telephone: 503-709-3450
Email: santos@peak.org

☑ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **(BY ELECTRONIC SERVICE PROVIDER)** I am readily familiar with the firm's practice for filing electronically. Through use of the Court's CM/ECF electronic filing system, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

Executed on **January 5, 2023**, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Qianxi Loo

Qianxi Loo

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105