Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Dana L. Burch, Bar No. 224713
dburch@lcwlegal.com
Ariana R. Fil, Bar No. 341814
afil@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone: 415.512.3000
Facsimile: 415.856.0306

Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - EUREKA-MCKINLEYVILLE

| | |
|---|---|
| STEVEN A. SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HUMBOLDT,<br><br>Defendant. | Case No.: 1:22-cv-07485-RMI<br><br>Complaint Filed: November 28, 2022<br>FAC Filed: January 26, 2023<br><br>**DEFENDANT COUNTY OF HUMBOLDT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF STEVEN A. SANTOS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO**<br><br>Date: March 21, 2023<br>Time: 11:00 a.m.<br>Judge: Honorable Robert M. Illman<br>Courtroom: Eureka-McKinleyville Federal Courthouse |

**TO PLAINTIFF STEVEN A. SANTOS:**

**PLEASE TAKE NOTICE** that on March 21, 2023, at 11:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at Eureka-McKinleyville Federal Courthouse, 3140 Boeing Avenue, McKinleyville, California 95519, Defendant COUNTY OF HUMBOLDT ("Defendant" or "County") will move the Court pursuant Federal Rules of Civil Procedure, Rule 12(b)(6) to dismiss Plaintiff STEVEN A. SANTOS' ("Plaintiff") First Amended Complaint ("FAC") on the following grounds:

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1. Plaintiff's first cause of action, for Retaliation under the Americans with Disabilities Act ("ADA"); fails because Plaintiff did not plead facts sufficient for relief to be granted;

2. Plaintiff's second cause of action, for Interference under the ADA fails because Plaintiff did not plead sufficient facts for relief to be granted;

3. Plaintiff's third cause of action, for Discrimination under the ADA fails because Plaintiff did not plead sufficient facts for relief to be granted;

4. Plaintiff's request for attorneys' fees must be stricken from the FAC.

This motion is based on this Notice of Motion and Memorandum of Points and Authorities, the pleadings and papers on file herein, and on such further evidence and argument as may hereafter be presented.

Dated: February 9, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: Dana L. Burch

Morin I. Jacob
Dana L. Burch
Ariana R. Fil
Attorneys for Defendant COUNTY OF HUMBOLDT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....... 7

II. STATEMENT OF ISSUES TO BE DECIDED [LR 7-4(A)(3)] ....... 7

III. STATEMENT OF RELEVANT FACTUAL ALLEGATIONS ....... 7

IV. LEGAL STANDARD FOR MOTIONS TO DISMISS ....... 8

V. LEGAL ARGUMENT ....... 9

A. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT FOR HIS 1ST CLAIM FOR RETALIATION UNDER THE ADA BECAUSE HE WAS NOT SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION ....... 9

B. PLAINTIFF FAILS TO STATE FACTS TO SUPPORT HIS 2ND CLAIM FOR INTERFERENCE UNDER THE ADA ....... 12

C. PLAINTIFF'S THIRD CLAIM OF DISCRIMINATION FAILS ....... 12

D. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS IMPROPER AND MUST BE STRICKEN FROM THE FAC ....... 13

VI. CONCLUSION ....... 14

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adams v. Anne Arundel Cty. Pub. Schs.*
789 F.3d 422 (4th Cir. 2015) ....................10

*Agape Family Worship Ctr., Inc. v. Gridiron*
2016 WL 633864 (C.D. Cal. Feb. 16, 2016)....................13

*Allen v. Pac. Bell*
348 F.3d 1113 (9th Cir. 2003) ....................13

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)....................8

*Bell Atl. Corp v. Twombly*
550 U.S. 544 (2007)....................8

*Brown v. City of Tucson*
336 F.3d 1181 (9th Cir.2003) ....................9, 12

*Burlington N. & Santa Fe Ry. Co. v. White*
548 U.S. 53 (2006)....................10

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) ....................9

*EEOC v. Sears, Roebuck & Co.*
417 F.3d 789 (7th Cir. 2005) ....................10

*Frakes v. Peoria Sch. Dist.*
872 F.3d 545 (7th Cir. 2017) ....................12

*Gomez v. American Bldg. Maintenance*
940 F.Supp. 255 (N.D.Cal.1996)....................13

*Hashimoto v. Dalton*
118 F.3d 671 (9th Cir.1997) ....................10

*Humphrey v. Memorial Hosps. Ass'n*
239 F.3d 1128 (9th Cir. 2001) ....................10

*In re Gilead Sciences Securities Litigation*
536 F.3d 1049 (9th Cir. 2008) ....................9

*Joren v. Napolitano*
633 F.3d 1144 (7th Cir. 2011) ....................13

*Pardi v. Kaiser Found. Hosps.*
389 F.3d 840 (9th Cir. 2004) ....................9

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

*Powers v. Polygram Holding, Inc.*
40 F. Supp. 2d 195 (S.D.N.Y. 1999)....13

*Ray v. Henderson*
217 F.3d 1234 (9th Cir. 2000) ....10

*Schmier v. US Court of Appeals for the Ninth Circuit*
279 F.3d 817 (9th Cir. 2002) ....9

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ....9

*St. John v. Employment Development Dept.*
642 F.2d 273 (9th Cir.1981) ....10

*Strother v. Southern California Permanente Medical Group*
79 F.3d 859 (9th Cir. 2003) ....10

*Whittlestone, Inc. v. Handi-Craft Co.*
618 F.3d 970 (9th Cir. 2010) ....13

*Yartzoff v. Thomas*
809 F.2d 1371 (9th Cir.1987) ....10

**State Cases**

*City of Long Beach v. Sten*
206 Cal. 473 (1929) ....13

*Hanson v. Lucky Stores, Inc.*
74 Cal.App.4th 215 (1999) ....11

*Patterson v. Donner*
48 Cal. 369 (1874) ....13

*Thomas v. Department of Corrections*
77 Cal.App.4th 507 (2000) ....11

*Trope v. Katz*
11 Cal. 4th 274 (1995) ....13

**Federal Statutes**

29 U.S.C. § 794....13

42 U.S.C. § 12112....11

42 U.S.C. § 12117....13

42 U.S.C. § 12133....13

42 U.S.C. § 12203....12

42 U.S.C. § 2000....13

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**Federal Rules**

Federal Rules of Civil Procedure section 12 (b)(6) ..................8

**Federal Regulations**

29 C.F.R. § 1630.14 ..................11

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant engaged in an interactive process with Plaintiff, and then Plaintiff filed this lawsuit because he was not happy with the outcome. That, however, is no basis for a discrimination or retaliation claim under the ADA. Plaintiff acknowledged the flaws in his original complaint since he voluntarily filed a First Amended Complaint ("FAC") after Defendant filed its motion to dismiss the original Complaint. The FAC fails to cure the deficiencies with the original complaint. That is, Plaintiff still fails to state facts to establish that he was subjected to an adverse employment action, fails to state facts to show that Defendant interfered with Plaintiff's rights under the ADA, and fails to state any facts to show that Defendant harbored any discriminatory or retaliatory intent against Plaintiff because he had a disability or sought an accommodation. As such, the FAC must be dismissed, and without leave to amend since Plaintiff's amended complaint is still devoid of facts to survive a motion to dismiss.

## II. STATEMENT OF ISSUES TO BE DECIDED [LR 7-4(A)(3)]

(1) Whether Plaintiff's claims for relief against Defendant must be dismissed for failure to state a claim upon which relief can be granted.

(2) Whether Plaintiff's claims for relief against the Defendant must otherwise be dismissed, without leave to amend, as a matter of law.

## III. STATEMENT OF RELEVANT FACTUAL ALLEGATIONS

Plaintiff is currently employed by Defendant County of Humboldt, a public sector employer, as a Senior Planner in the Planning and Building Department. FAC, ¶¶4 and 5. Plaintiff notified Defendant of his disability on August 8, 2016, by voluntarily sharing specific information regarding his medical condition. FAC, ¶6. Following this, and as part of the interactive process, Defendant requested additional information from health care providers to be able to adequately assess the availability of reasonable accommodations. FAC, ¶6. Defendant received the final document requested from Plaintiff on January 18, 2019, and shortly thereafter, provided Plaintiff with reasonable accommodations, including a private office and flexible schedule. FAC, ¶6.

On February 5, 2021, Defendant told Plaintiff that he would be required to work in a physical setting outside of his office. FAC, ¶7. Defendant told Plaintiff that he would have to go re-engage in the interactive process. FAC, ¶7. On June 14, 2021, Plaintiff and Defendant engaged in an interactive process meeting, the outcome of which was that Defendant would send Plaintiff to a fitness for duty examination to have a health care provider identify his work limitations. FAC, ¶9.

On July 26, 2021, Defendant provided Plaintiff with a supplemental medical questionnaire. FAC, ¶13. Plaintiff asserts that the questionnaire contained questions that were "out of the scope of medical inquiry allowed under the ADA" and that were already answered. FAC, ¶13. Plaintiff objected to the questionnaire. FAC, ¶13.

On November 15, 2021, Plaintiff attended the fitness for duty exam. FAC, ¶18. On December 7, 2021, Plaintiff sent a letter to Defendant advising that the medical examiner invaded Plaintiff's medical privacy. FAC, ¶19.

On January 26, 2022, Plaintiff and Defendant had another interactive process meeting to go over the results of the fitness for duty evaluation. FAC, ¶20. On January 31, 2022, Defendant sent Plaintiff a summary of the January 26, 2022 interactive process meeting, and informed him that he would no longer be accommodated with a flexible work schedule. FAC, ¶21.

## IV. <u>LEGAL STANDARD FOR MOTIONS TO DISMISS</u>

A complaint is properly dismissed if the facts alleged are insufficient to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12 (b)(6), the complaint must meet two criteria to satisfy FRCP Rule 8: (1) It must assert a plausible claim; and (2) It must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)) ["*Twombly/Iqbal*" standard]. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 662.

Pleadings are not satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Neither a "formulaic

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Id.* To satisfy the *Twombly/Iqbal* standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id.* The plausibility requirement requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. The Court is not required to accept as true "merely conclusory [allegations], unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).)

Claims for relief that cannot be cured by amendment should be dismissed without leave to amend. *Schmier v. US Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "futility of amendment" as a proper basis to dismiss without leave to amend).

## V. <u>LEGAL ARGUMENT</u>

### A. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT FOR HIS 1st CLAIM FOR RETALIATION UNDER THE ADA BECAUSE HE WAS NOT SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION

Plaintiff has failed to state facts to support a claim for retaliation. To establish a *prima facie* case of ADA retaliation Plaintiff must show that:

1. the employee engaged in an activity the ADA protects;
2. the employer took an adverse employment action against the employee; and
3. a causal link exists between the protected activity and the employer's adverse action.

*Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir.2003). The Supreme Court's decision in *Burlington Northern &*

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

*Santa Fe Railway v. White* announced the standard for determining whether a retaliatory employment action is sufficiently severe to qualify as an adverse employment action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Although *Burlington* is a Title VII case, courts apply the same standard in ADA cases. *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015) (relying on the "analogous Title VII context"). In order to meet the standard, Plaintiff has to demonstrate that the action would have been materially adverse to a reasonable employee. *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 57. The challenged action must "resul[t] in an adverse effect on the 'terms, conditions, or benefits' of employment." *Id.* at 60. The Ninth Circuit has said that a plaintiff must establish " 'adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity.' " *Ray v. Henderson*, 217 F.3d 1234, 1242–1243 (9th Cir. 2000). Examples of adverse employment actions recognized by the Ninth Circuit include lateral job transfers or transfer of job duties, poor performance reviews or ratings, dissemination of an unfavorable job reference, being excluded from meetings that would have made the employee eligible for salary increases, or being denied secretarial support. *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir.1987); *St. John v. Employment Development Dept*., 642 F.2d 273, 274 (9th Cir.1981); *Hashimoto v. Dalton*, 118 F.3d 671, 676 (9th Cir.1997); *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859 (9th Cir. 2003).

Here, Plaintiff fails to state facts to identify any adverse employment action that was taken against him, and fails to identify facts to show that any adverse employment actions were motivated by retaliatory animus. Rather, Plaintiff identifies routine aspects of the interactive process, including an employer deciding what accommodations to offer. Plaintiff claims that removal of his flexible schedule accommodation was an adverse employment action. FAC, ¶27. However, the removal of an accommodation and participation in the interactive process do not constitute a material change to one's job. Rather, "[o]nce an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee." *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001); *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 805-808 (7th Cir. 2005). As



Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

part of the interactive process, an employer is entitled to meet with an employee, seek information from health care providers about an employee's work limitations, and can send an employee to a fitness for duty examination. 42 U.S.C. § 12112, subd. (d)(4)(A); 29 C.F.R. § 1630.14, subd. (c). Also, an employer ultimately has the discretion to choose what reasonable accommodations, if any, will be provided to an employee. *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 228-229 (1999).

In sum, Defendant fulfilled its obligation to Plaintiff by engaging him in the interactive process, and exercised its discretion as an employer to not continue to extend a flexible schedule as an accommodation. Plaintiff fails to state facts to show that either of these actions materially affected the terms and conditions of his employment, or were motivated by retaliatory animus. Plaintiff may have been upset or dissatisfied with the outcome of the interactive process, but that is not sufficient to state a claim for relief. *Thomas v. Department of Corrections*, 77 Cal.App.4th 507, 511-512 (2000).

Assuming *arguendo* that Plaintiff has stated facts sufficient to show he was subjected to an adverse employment action, which he was not, Plaintiff also fails to assert facts to show a causal connection between any claimed adverse action and a protected activity. Plaintiff admits that he informed Defendant of his disability in 2016. FAC, ¶6. Yet the fitness for duty exam, medical questionnaire, removal of flexible schedule all occurred in 2021 and 2022 – more than five years later. FAC, ¶¶8, 9, 13, 18, and 21. There is no temporal proximity that would allow an inference of causal link between the protected activity and the alleged adverse actions. Plus, Plaintiff fails to state facts to show a causal connection between seeking accommodation, or any protected activity, being the cause for Defendant not extending a flexible schedule as an accommodation.

Accordingly, Defendant requests dismissal of Plaintiff's first claim for retaliation, without leave to amend, since Plaintiff failed to cure the defects by amending his complaint.

/ / /

/ / /

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**B. PLAINTIFF FAILS TO STATE FACTS TO SUPPORT HIS 2ND CLAIM FOR INTERFERENCE UNDER THE ADA**

Plaintiff's FAC lacks sufficient facts to establish an interference claim under the ADA. Under the ADA it is unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on the account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b).

With respect to an ADA interference claim, the Ninth Circuit has adopted the test for anti-interference claims under the Fair Housing Act, Title 42 United States Code section 3617, ("FHA"). *Brown v. City of Tucson*, 336 F.3d 1181, 1191–1193 (9th Cir. 2003). To establish an interference claim Plaintiff must demonstrate that he: (1) engaged in activity statutorily protected by the ADA; or (2) engaged in, or aided or encouraged others in, the exercise or enjoyment of ADA protected rights; (3) that the defendant coerced, threatened, intimidated, or interfered on account of his protected activity; and (4) that the defendants were motivated by an intent to discriminate. *Frakes v. Peoria Sch. Dist.*, 872 F.3d 545, 550–51 (7th Cir. 2017).

Here, Plaintiff does not state any facts to show that Defendant coerced, threatened or intimidated him for seeking reasonable accommodations. To the contrary, Plaintiff describes the extensive interactive process that Defendant engaged in. FAC, ¶¶ 6, 8, 9, 13, 20 and 21. Moreover, there are no facts pleaded in the FAC to show Defendant had an intent to discriminate against Plaintiff. To the contrary, Plaintiff admits that Defendant engaged in a lengthy interactive process and granted Plaintiff accommodations such as a private office and flexible schedule. FAC, ¶6. Beyond conclusory platitudes, Plaintiff fails to actually state any facts to show that Defendant engaged in interference motivated by an intent to discriminate. As such, Plaintiff's 2nd claim must be dismissed, without leave to amend, since the FAC fails to include facts to cure the defects raised by Defendant in its first motion to dismiss.

**C. PLAINTIFF'S THIRD CLAIM OF DISCRIMINATION FAILS**

Plaintiff's FAC lacks sufficient facts to establish a discrimination claim under the ADA. To state a *prima facie* claim under the ADA that an employer has failed to accommodate a

disability, Plaintiff must allege that "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *Gomez v. American Bldg. Maintenance*, 940 F.Supp. 255 (N.D.Cal.1996). Moreover, Plaintiff must show that the employer's failure to grant his request for accommodations was motivated by discriminatory intent. *Powers v. Polygram Holding, Inc.* 40 F. Supp. 2d 195, 202 (S.D.N.Y. 1999).

Here, Plaintiff has not stated facts sufficient to demonstrate that he is a qualified individual. Second, Plaintiff has not set forth facts to show that he was subjected to any adverse employment action, and fails to state any facts to show discriminatory intent on the part of Defendant. Accordingly, Plaintiff's claim for discrimination must be dismissed, without leave to amend.

**D. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS IMPROPER AND MUST BE STRICKEN FROM THE FAC**

A motion to dismiss is the proper procedure to attack improper damage claims in a complaint. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010); *Agape Family Worship Ctr., Inc. v. Gridiron*, No. 5:15-CV-1465-ODW-SPX, 2016 WL 633864, at *6 (C.D. Cal. Feb. 16, 2016).

Plaintiff's prayer for relief seeks attorney's fees (despite the fact that he is *in pro per*), court costs, 160 hours of sick leave and $150,000 in pain and suffering. FAC, ¶35. Attorney's fees are not available to a plaintiff appearing in pro per. *City of Long Beach v. Sten*, 206 Cal. 473, [274 P. 968] (1929); *Trope v. Katz*, 11 Cal. 4th 274, 281 (1995); *Patterson v. Donner*, 48 Cal. 369, 380 (1874). Plaintiff admits that the attorney's fees sought were associated with the interactive process and were not incurred in connection with the instant case. FAC, ¶35. Requests for attorney's fees under the ADA are limited to court and administrative proceedings and do not extend to costs incurred for the interactive process. The court has discretion to award to a prevailing party reasonable attorney fees, litigation expenses, and costs in any court action or

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

administrative proceeding brought under the employment-related provisions of the ADA. 42 U.S.C. §§ 12117(a), 12133, 2000e-5(k); 29 U.S.C. § 794a(b) (preempted on other grounds by *Joren v. Napolitano*, 633 F.3d 1144 (7th Cir. 2011)). As Plaintiff is appearing in pro per and the attorney's fees sought were not incurred in connection with litigation or an administrative hearing, Plaintiff's request for attorney's fees must be stricken from the FAC.

## VI. CONCLUSION

For the foregoing reasons, Defendant requests that Plaintiff's First Amended Complaint be dismissed, without leave to amend.

Dated: February 9, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: Dana L. Burch

Morin I. Jacob
Dana L. Burch
Ariana R. Fil
Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105