Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Dana L. Burch, Bar No. 224713
dburch@lcwlegal.com
Ariana R. Fil, Bar No. 341814
afil@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone: 415.512.3000
Facsimile: 415.856.0306

Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - EUREKA-MCKINLEYVILLE

| | |
|---|---|
| STEVEN A. SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HUMBOLDT,<br><br>Defendant. | Case No.: 1:22-cv-07485-RMI<br><br>Complaint Filed: November 28, 2022<br>FAC Filed: January 26, 2023<br><br>**DEFENDANT COUNTY OF HUMBOLDT'S REPLY TO PLAINTIFF STEVEN A. SANTOS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: March 13, 2023<br>Time: 11:00 a.m.<br>Judge: Honorable Robert M. Illman<br>Courtroom: Eureka-McKinleyville Federal Courthouse |

## I. INTRODUCTION

Plaintiff Steven A. Santos ("Plaintiff") has already amended his complaint once and still cannot state any claim for relief. This is a simple case of sour grapes. Plaintiff is dissatisfied with the accommodations provided by Defendant County of Humboldt ("Defendant" or "County") and upset that the Defendant dared to seek medical advice on how to best accommodate him. However, these are merely common parts of the interactive process. Plaintiff's Opposition improperly includes a litany of facts that extend beyond the four corners of

the First Amended Complaint, and though improper to do so, they still do not establish claims for discrimination, retaliation or interference.

Plaintiff's First Amended Complaint ("FAC") does not state facts sufficient to support any of his claims under the ADA, but rather mischaracterizes the interactive process. Most notably, Plaintiff failed to identify any adverse employment action – let alone the necessary causal nexus or discriminatory intent necessary to proceed on his claims. As such, the FAC must be dismissed without leave to amend since Plaintiff's FAC remains devoid of facts, even after amendment.

## II. ARGUMENT

### A. REVIEW MUST BE LIMITED TO THE FOUR CORNERS OF THE COMPLAINT.

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "[T]he court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials)." *Id.* at p. 688.

Accordingly, in ruling on the instant motion and determining whether Plaintiff failed to state a cause of action upon which relief can be granted, the Court must disregard the new facts alleged by Plaintiff in his Opposition at page 1 at line 21 through page 4 line 23 and must, instead, base its ruling upon those facts alleged within the four corners of the FAC.

### B. PLAINTIFF'S FAC STILL LACKS SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR RETALIATION.

#### 1. Plaintiff Failed to Establish an Adverse Action.

Plaintiff's cause of action for retaliation is not bolstered by Plaintiff's Opposition because the fact remains that Plaintiff fails to identify any adverse employment action pleaded in the FAC.

Plaintiff argues that the County's medical questionnaire and fitness for duty exam were adverse actions, but the ADA explicitly permits examinations and inquiries that are job-related and consistent with business necessity. 42 U.S.C. §12112(d)(4)(A). The ADA also permits

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

employers to make inquiries into the ability of an employee to perform job-related functions. 42 U.S.C. §12112(d)(4)(B).

Plaintiff makes conclusory allegations that the exam/questionnaire were predatory, illegal, and an invasion of privacy. Opposition p. 5:1-3. Yet, there are no facts regarding the content of the examination or questionnaire that would allow this Court to determine that they were anything other than job-related. Plaintiff himself called the exam a "fitness for duty" exam – which on its face is a permissible exam to determine if Plaintiff can perform job-related functions. Plaintiff does not cite to any specific inquiry that exceeded job-related topics. Merely declaring the exam and questionnaire improper is insufficient to demonstrate that either constitute an adverse employment action under the law.

Second, removal of Plaintiff's flexible schedule accommodation – if that even occurred[1] - is not an adverse action. Plaintiff's reliance on the EEOC guidelines is misplaced. The EEOC guidelines are merely recommendations; they do not set forth statutory requirements. Case law shows that a change in work schedule alone does not constitute an adverse employment action. *Malais v. Los Angeles City Fire Dept.*, 150 Cal.App.4th 350, 358 (2007) (the only reason the plaintiff was dissatisfied with his special duty was that he preferred the work, schedule, and camaraderie of the platoon duty, which did not amount to an adverse employment action.)

Not every change in the conditions of employment constitutes an adverse employment action.

> A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient. Workplaces are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action. If every minor change in working conditions or trivial action were a materially adverse action then any action that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit. The plaintiff must show the employer's ... actions had a detrimental and substantial effect on the plaintiff's employment.

/ / /

[1] Plaintiff's FAC does not assert that his work schedule or work hours have actually been changed. See Section III. D. 2. *infra*.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

*McRae v. Department of Corrections and Rehabilitation*, 142 Cal.App.4th 377, 386–387 (2006), internal quotations and citations omitted, citing *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1051–1052 (2005), *Akers v. County of San Diego*, 95 Cal.App.4th 1441, 1455 (2002), and *Thomas v. Department of Corrections*, 77 Cal.App.4th 507, 511 (2000).

Plaintiff fails to state facts in the FAC to show that removal of the flexible schedule accommodation changed the material terms or conditions of his employment. Plaintiff's FAC does not state how the removal of a flexible schedule has altered the material terms of his employment. Plaintiff has not lost pay, benefits or promotional opportunities, for example, because the flexible schedule was no longer deemed to be a reasonable accommodation. Plaintiff has not even alleged that his work hours have been altered or that he has actually been asked to work a different schedule. Rather, he asserts that the County failed to list a flexible schedule in a summary of reasonable accommodations that the County agreed to provide. Without facts in the FAC about how the removal of the accommodation actually impacts Plaintiff's employment, the removal of a flexible schedule accommodation cannot be deemed an adverse employment action.

**2. <u>There is No Causal Link Between Alleged Adverse Employment Action and a Protected Activity.</u>**

Plaintiff's FAC does not assert facts that demonstrate a causal connection between Plaintiff's protected activity and any alleged adverse employment action. Plaintiff, for example, was not demoted, disciplined, terminated, transferred or re-assigned to less favorable projects. Instead, Plaintiff points to a series of events that occurred as part of the interactive process and arbitrarily attributes retaliatory animus. Plaintiff points to "Defendant's behavior throughout the interactive process(es)" as a basis for causation – but this very statement disputes his own claim in that he admits that the County's actions were all part of the interactive process. Opposition at p. 6:5-6. Defendant engaged in the interactive process in good faith to determine what accommodations Plaintiff needed to perform the essential duties of his job. Medical questionnaires and fitness for duty examinations are routine parts of the interactive process. While Plaintiff may be dissatisfied with the ultimate accommodations that were granted, the employer ultimately has the discretion to choose what reasonable accommodations, if any, will be

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

provided to the employee. *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 228-229 (1999).

Plaintiff's theory that he told the County about his disability in 2016 and then suddenly in 2021 and 2022 the County retaliated defies logic. Plaintiff attempts to argue temporal proximity by explaining that various aspects of the interactive process were all occurring in the 2021 and 2022 time period. However, this still does not demonstrate the retaliatory intent required for a retaliation claim. Given that all of the claimed protected activities and alleged adverse actions are part of the interactive process, it makes sense that they occurred within the same time frame. However, Plaintiff's leap to then assume retaliatory intent is unsupported by the facts set forth in the FAC. Plaintiff does not plead facts to demonstrate that the removal of the flexible schedule, fitness for duty exam or medical questionnaire occurred *because* of any protected activity.

### C. PLAINTIFF'S FAC STILL LACKS SUFFICIENT FACTS TO STATE A CLAIM FOR INTERFERENCE

#### 1. <u>Plaintiff's Tirade of Complaints in the Opposition Does Not Show He Pleaded Facts in the FAC to Show Interference</u>

Plaintiff asserts that various aspects of the County's interactive process amount to interference – but he fails to assert facts to show that these actions occurred "on account of" his protected activity or that they had a chilling effect on Plaintiff's exercise of his statutory rights. 42 U.S.C. § 12203(b).

First, Plaintiff fails to plead facts in the FAC to explain how these various alleged acts of interference occurred *because of* any protected activity. Plaintiff provides a litany of actions that he believes constitute interference, including demanding a fitness for duty exam, demanding medical documentation, and telling Plaintiff had no accommodation - but these actions are merely part and parcel of the interactive process. Opposition at p. 6:25-7:11. He has not shown that the County engaged in these activities on account of his protected activity.

Second, Plaintiff fails to identify facts in the FAC that demonstrate the requisite chilling effect needed for an interference claim. The ADA's interference provision bars conduct that tends to "chill" an employee's willingness to exercise his or her statutory rights. *Brown v. City of*

/ / /

*Tucson*, 336 F.3d 1181, 1191 (9th Cir. 2003) (supervisor threatened transfer, demotion or forced retirement unless employee gave up disability accommodation).

Here, Plaintiff has not pleaded any facts in the FAC to show conduct that chilled his exercise of rights under the ADA. The ADA's interference provision does not bar "any action whatsoever that in any way hinders a member of a protected class," *Brown v. City of Tucson*, 336 F.3d 1181, 1193 (9th Cir. 2003) (citing *Michigan Prot. & Advoc. Serv., Inc. v. Babin*, 18 F.3d 337, 347 (6th Cir. 1994).) Merely advising Plaintiff he is not entitled to an accommodation or is not considered disabled under the statute – after seeking a medical opinion – do not rise to the coercion or intimidation required to establish a prima facie case of interference. Similarly, asking Plaintiff to complete a medical questionnaire or a fitness for duty examination to determine his functional needs are not threats or coercion. Rather, they are permitted ways for an employer to evaluate an employee's accommodations. In order to show interference, an ADA plaintiff must demonstrate that he has suffered a "distinct and palpable injury" as a result of the threat. *Brown v. City of Tucson*, 336 F.3d 1181 (9th Cir. 2003) (citing *Walker v. City of Lakewood*, 272 F.3d 1114, 1123 (9th Cir. 2001).)

Plaintiff also asserts that the County engaged in interference by denying him access to records. However, Plaintiff admits that the County gave him documents in response to his request for records. FAC, ¶ 10. Since Plaintiff received the records, a claim that he was denied records cannot be the basis for an interference claim.

Plaintiff claims that failing to respond to substantive requests and correspondence constitutes interference. Opposition at p. 7:7-8. Failing to respond to certain requests or communications cannot be deemed interference – especially in light of the extensive interactive process documented in Plaintiff's own FAC. FAC, ¶¶ 6, 8, 9, 13, 20 and 21. By definition, interference requires some intentional action – not merely a failure to act – in order to threaten, intimidate or coerce the employee.

Plaintiff has failed to plead facts in his FAC to show that County interfered with his rights. Dismissal is warranted.

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**2. <u>Plaintiff's Opposition Does Not Demonstrate that the FAC Contains Facts Showing Discriminatory Intent to Support a Claim for Interference</u>**

Plaintiff's Opposition does not bolster his interference claim as he still has not demonstrated any discriminatory intent. Plaintiff argues that "Defendant's failure to provide the reasonable accommodation of a flexible schedule was itself an act of discrimination and this action also demonstrates intent." Opposition at p. 7:13-14. Under Plaintiff's theory, every employer who failed to provide a requested accommodation has discriminatory intent. This is illogical. Employers need only grant accommodations that are reasonable, and only if an accommodation does not cause undue hardship. 42 U.S. Code § 12112 (b)(5()(A). Also, ultimately, it is the employer who decides what accommodation(s) will be offered. *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 228-229 (1999). The mere denial of an accommodation is insufficient to demonstrate discriminatory intent. In the absence of facts that show discriminatory intent, dismissal is warranted.

**D. PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO STATE A CLAIM FOR DISCRIMINATION**

Plaintiff's FAC does not state facts sufficient to support a claim of discrimination because he has not shown that he is a qualified individual, has not demonstrated any failure to accommodate, and he has not pleaded facts sufficient in the FAC to show an adverse employment action.

**1. <u>There are No Facts in the FAC that Plaintiff is a Qualified Individual</u>**

Plaintiff fails to plead facts that show he is qualified to perform the essential functions of the job with or without reasonable accommodation. The ADA defines the term "qualified individual with a disability" to mean "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Plaintiff's Opposition claims that he is a qualified individual because "he has been employed by Defendant for 16 years and has served as a Senior Planner for over five years with

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

an accommodation." Opposition at p. 7:25-27. Simply because Plaintiff previously did the job does not mean that he is now a qualified individual. To pursue his claim, Plaintiff must have pleaded facts to show that he is presently a qualified individual – not that he historically could perform the job duties.

**2. Plaintiff has Not Demonstrated a Failure to Accommodate.**

In his Opposition, Plaintiff claims discrimination via a failure to accommodate but he has not shown that the requested accommodation was reasonable – let alone that the County failed to accommodate him. Opposition at p. 7:27-28:3. Moreover, his claim is disputed by his own admission that the County accommodated his disability. FAC, ¶6.

First, Plaintiff's Opposition completely disregards the fact that the County did accommodate Plaintiff. Plaintiff admits that the County accommodated his disability by providing a private office. FAC, ¶ 6. Mere displeasure with the provided accommodations is not a basis for a discrimination claim. *Thomas v. Department of Corrections*, 77 Cal.App.4th 507, 511-512 (2000). *See also Kiel v. Select Artificials, Inc.*, 169 F3d 1131, 1137 (8th Cir. 1999).

Second, Plaintiff's FAC is devoid of facts that the County has actually altered his work schedule. Simply because the accommodation was not listed in a summary, does not mean the schedule was actually "taken away." The FAC is devoid of any facts showing that Plaintiff was actually forced to change his work hours. There are also no facts in the FAC about how removal of the flexible schedule impacted his ability to perform the essential functions of his job.

Third, Plaintiff has not demonstrated that the flexible schedule accommodation sought was reasonable. In his Opposition, Plaintiff asserts that flexible schedules are offered to other employees. Opposition at p. 8:9. However, Plaintiff's FAC does not provide further detail about whether those employees' jobs or responsibilities are similar to Plaintiff's job as a Senior Planner. Plaintiff's FAC also does not address whether the flexible schedule was reasonable given Plaintiff's current health status. Simply because a flexible schedule was offered at some point in time, is not de facto evidence that said accommodation continues to be reasonable.

/ / /

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

3. **<u>Plaintiff Cannot Claim Discrimination Without An Adverse Employment Action.</u>**

Plaintiff cannot maintain a claim for discrimination without an adverse employment action. Defendant incorporates its arguments from Section II. B. 1. *supra* as if stated fully herein.

**E. PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES MUST BE STRICKEN**

It is undisputed that Plaintiff is appearing in this matter in pro per. It is also undisputed that his claim for attorney's fees is unrelated to the instant lawsuit. Plaintiff explains that he incurred the attorney's fees to obtain records to assist with a DFEH investigation. Opposition at p. 8:24-27. The fees he incurred are not recoverable attorney's fees within the confines of this lawsuit. Plaintiff then asks the Court to permit him to "recategorize these losses as other eligible damages." Opposition at p. 8:28.

The ADA allows the prevailing party to recover a reasonable attorney's fee for any action commenced pursuant to the ADA. 42 U.S.C. §12205. First, the attorney fees were not incurred in connection with an ADA complaint and certainly were not incurred in connection with the instant lawsuit. A filing with the DFEH is not a prerequisite to an ADA lawsuit. Second, should the Plaintiff prevail in this case, the Court will have a basis to determine if the fees incurred in connection with this lawsuit are reasonable. In contrast, this Court has no knowledge of the DFEH investigation and associated legal fees to make such a determination. Third, the DFEH most certainly has the ability to obtain documents from the County without Plaintiff's assistance – therefore any such costs are unreasonable. Simply put, Plaintiff's attorney's fees incurred prior to the commencement of this lawsuit for a completely separate matter are not recoverable. 42 U.S.C. §§ 12117(a). *See also Carroll v. Imp. Motors, Inc.*, 33 Cal. App. 4th 1429, 1439 (1995).

**F. NO LEAVE TO AMEND IS WARRANTED**

Plaintiff already amended the Complaint once – and yet he still failed to assert facts sufficient to state any claims for relief. Allowing him leave to amend the complaint further will not shed additional light on the situation. Therefore, this Court should not grant Plaintiff leave to amend the complaint.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's First Amended Complaint be dismissed, without leave to amend.

Dated: March 13, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: ______________________

Morin I. Jacob
Dana L. Burch
Ariana R. Fil
Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **March 13, 2023,** I served the foregoing document(s) described as **DEFENDANT COUNTY OF HUMBOLDT'S REPLY TO PLAINTIFF STEVEN A. SANTOS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Mr. Steven A. Santos
1224 S Street
Eureka, CA 95501
Telephone: 503-709-3450
Email: santos@peak.org

☑ **(BY ELECTRONIC SERVICE PROVIDER)** I am readily familiar with the firm's practice for filing electronically. Through use of the Court's CM/ECF electronic filing system, an electronic service provider, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

Executed on **March 13, 2023**, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Qianxi Loo
Qianxi Loo