Joung H. Yim, Bar No. 216136
jyim@lcwlegal.com
Dana L. Burch, Bar No. 224713
dburch@lcwlegal.com
Ariana R. Fil, Bar No. 341814
afil@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone: 415.512.3000
Facsimile: 415.856.0306

Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - EUREKA-MCKINLEYVILLE

| | |
|---|---|
| STEVEN A. SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HUMBOLDT,<br><br>Defendant. | Case No.: 1:22-cv-07485-RMI<br><br>Complaint Filed: November 28, 2022<br>FAC Filed: January 26, 2023<br>SAC Filed: April 24, 2023<br><br>**DEFENDANT COUNTY OF HUMBOLDT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF STEVEN A. SANTOS' SECOND AMENDED COMPLAINT**<br><br>Date: June 20, 2023<br>Time: 11:00 a.m.<br>Judge: Honorable Robert M. Illman<br>Courtroom: Eureka-McKinleyville Federal Courthouse |

**TO PLAINTIFF STEVEN A. SANTOS:**

**PLEASE TAKE NOTICE** that on June 20, 2023, at 11:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at Eureka-McKinleyville Federal Courthouse, 3140 Boeing Avenue, McKinleyville, California 95519, Defendant COUNTY OF HUMBOLDT ("Defendant" or "County") will move the Court pursuant Federal Rules of Civil Procedure, Rule 12(b)(6) to dismiss Plaintiff STEVEN A. SANTOS' ("Plaintiff") Second Amended Complaint ("SAC") on the following grounds:

1. Plaintiff's first claim for relief, for Discrimination – Failure to Accommodate - under the Americans with Disabilities Act ("ADA"); fails because Plaintiff did not plead facts sufficient for relief to be granted;

2. Plaintiff's second claim for relief, for Retaliation under the ADA fails because Plaintiff did not plead sufficient facts for relief to be granted;

3. Plaintiff's third claim for relief, for Interference under the ADA fails because Plaintiff did not plead sufficient facts for relief to be granted;

4. Plaintiff's request for economic damages (i.e. attorneys' fees) that pre-date this litigation must be stricken from the SAC.

This motion is based on this Notice of Motion and Memorandum of Points and Authorities, the pleadings and papers on file herein, and on such further evidence and argument as may hereafter be presented.

Dated: May 8, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: Dana L. Burch

Joung H. Yim
Dana L. Burch
Ariana R. Fil
Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 8

II. STATEMENT OF ISSUES TO BE DECIDED [LR 7-4(A)(3)] ..... 8

III. STATEMENT OF RELEVANT FACTUAL ALLEGATIONS ..... 8

IV. LEGAL STANDARD FOR MOTIONS TO DISMISS ..... 10

V. LEGAL ARGUMENT ..... 11

A. PLAINTIFF'S CLAIM FOR FAILURE TO ACCOMMODATE FAILS ..... 11

1. Plaintiff Was Not Denied Any Requested Accommodation ..... 11

2. Plaintiff Cannot Prevail Without a Showing that the Reasonable Accommodation is Available and Would Not Cause an Undue Hardship on Defendant ..... 12

B. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT FOR HIS CLAIM FOR RETALIATION UNDER THE ADA BECAUSE HE WAS NOT SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION - LET ALONE DEMONSTRATE RETALIATORY ANIMUS ..... 13

1. Plaintiff Has Not Shown Any Adverse Employment Action ..... 14

a. The Written Reprimand Was Expunged ..... 14

b. The Fitness for Duty Exam Did Not Constitute a Material Change to Plaintiff's Job ..... 15

2. Plaintiff Fails to Demonstrate a Causal Connection Between Any Purported Adverse Employment Action and the Protected Activity ..... 16

a. No Temporal Proximity Exists ..... 17

b. Defendant Had Legitimate Business Reasons for Both the Written Reprimand and the Fitness for Duty Exam ..... 18

c. None of the "Other Conduct" Cited by Plaintiff Establishes a Causal Link Between an Adverse Action and the Protected Activity ..... 19

C. PLAINTIFF FAILS TO STATE FACTS TO SUPPORT HIS CLAIM FOR INTERFERENCE UNDER THE ADA ..... 19

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

D. PLAINTIFF'S REQUEST FOR COSTS INCURRED FOR THE INTERACTIVE PROCESS IS IMPROPER AND MUST BE STRICKEN FROM THE SAC ....21

VI. CONCLUSION ....22

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*Adams v. Anne Arundel Cty. Pub. Schs.*
789 F.3d 422 (4th Cir. 2015) ....................13

*Agape Family Worship Ctr., Inc. v. Gridiron*
2016 WL 633864 (C.D. Cal. Feb. 16, 2016)....................21

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)....................10, 11

*Bell Atl. Corp v. Twombly*
550 U.S. 544 (2007)....................10

*Brooks v. City of San Mateo*
229 F.3d 917 (9th Cir. 2000) ....................14

*Brown v. City of Tucson*
336 F.3d 1181 (9th Cir.2003) ....................13, 17, 19, 20

*Burlington N. & Santa Fe Ry. Co. v. White*
548 U.S. 53 (2006)....................13

*Cf. Dobbs–Weinstein v. Vanderbilt Univ.*
185 F.3d 542 (6th Cir.1999) ....................14

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) ....................11

*Douglas v. Anderson*
656 F.2d 528 (9th Cir. 1981) ....................18

*EEOC v. Sears, Roebuck & Co.*
417 F.3d 789 (7th Cir. 2005) ....................15

*Frakes v. Peoria Sch. Dist.*
872 F.3d 545 (7th Cir. 2017) ....................20

*Hashimoto v. Dalton*
118 F.3d 671 (9th Cir.1997) ....................14

*Houston v. Regents of Univ. of California*
2006 WL 1141238 (N.D. Cal. May 1, 2006) ....................11

*Humphrey v. Memorial Hosps. Ass'n*
239 F.3d 1128 (9th Cir. 2001) ....................15

*In re Gilead Sciences Securities Litigation*
536 F.3d 1049 (9th Cir. 2008) ....................11

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

*Joren v. Napolitano*
633 F.3d 1144 (7th Cir. 2011) ....................22

*Pardi v. Kaiser Found. Hosps.*
389 F.3d 840 (9th Cir. 2004) ....................13, 17

*Ray v. Henderson*
217 F.3d 1234 (9th Cir. 2000) ....................14

*Schmier v. US Court of Appeals for the Ninth Circuit*
279 F.3d 817 (9th Cir. 2002) ....................11

*Smith v. Barton*
914 F.2d 1330 (9th Cir. 1990) ....................18

*Snapp v. United Transp. Union*
889 F.3d 1088 (9th Cir. 2018) ....................11

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ....................11

*St. John v. Employment Development Dept.*
642 F.2d 273 (9th Cir.1981) ....................14

*Strother v. Southern California Permanente Medical Group*
79 F.3d 859 (9th Cir. 2003) ....................14

*Surrell v. Cal. Water Serv.*
518 F.3d 1097 (9th Cir. 2008) ....................18

*Whittlestone, Inc. v. Handi-Craft Co.*
618 F.3d 970 (9th Cir. 2010) ....................21

*Yartzoff v. Thomas*
809 F.2d 1371 (9th Cir.1987) ....................14

*Yin v. California*
95 F.3d 864 (9th Cir. 1996) ....................16

**<u>State Cases</u>**

*Hanson v. Lucky Stores, Inc.*
74 Cal.App.4th 215 (1999) ....................12, 16

*Thomas v. Department of Corrections*
77 Cal.App.4th 507 (2000) ....................16

**<u>Fedral Statutes</u>**

29 U.S.C. § 794 ....................21

42 U.S.C. § 12112 ....................15

42 U.S.C. § 12117 ....................21

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

42 U.S.C. § 12133 ........ 21

42 U.S.C. § 12203 ........ 19

42 U.S.C. § 2000 ........ 21

**Federal Rules**

Federal Rules of Civil Procedure section 12 (b)(6) ........ 10

**Federal Regulations**

29 C.F.R. § 1630.14 ........ 15

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") is his third bite at the apple. Yet, Plaintiff still has not cobbled together sufficient facts to support his claims. The SAC fails to cure the deficiencies with the original Complaint and the First Amended Complaint. That is, Plaintiff still fails to state facts to establish that he was subjected to an adverse employment action, fails to state facts to show that Defendant interfered with Plaintiff's rights under the ADA, and fails to state any facts to show that Defendant failed to accommodate his disability. Rather, Plaintiff admits that Defendant accommodated his disability and engaged in the interactive process. Plaintiff's SAC must be dismissed, and without leave to amend since Plaintiff's SAC remains devoid of facts to survive a motion to dismiss.

## II. STATEMENT OF ISSUES TO BE DECIDED [LR 7-4(A)(3)]

(1) Whether Plaintiff's claims for relief against Defendant must be dismissed for failure to state a claim upon which relief can be granted.

(2) Whether Plaintiff's claims for relief against the Defendant must otherwise be dismissed, without leave to amend, as a matter of law.

## III. STATEMENT OF RELEVANT FACTUAL ALLEGATIONS

Plaintiff has worked for Defendant since 2006. SAC ¶ 4. Plaintiff is currently employed by Defendant County of Humboldt, a public sector employer, as a Senior Planner in the Planning and Building Department. SAC ¶¶ 4, 5. As a Senior Planner, Plaintiff's essential duties include interacting with the public. SAC ¶ 7a. Plaintiff has a private office and a flexible work schedule. SAC ¶ 8.

Plaintiff has been diagnosed with chronic migraines. SAC ¶ 6. Plaintiff notified Defendant of his medical condition and need for accommodations in 2016. SAC ¶ 9. Defendant engaged in a lengthy interactive process with Plaintiff, including a fitness for duty exam. SAC ¶¶ 10, 11, 12, 13. In 2017, Defendant requested a doctor's note, which Plaintiff provided. SAC ¶10. In 2018, Defendant asked Plaintiff to fill out a medical questionnaire. SAC ¶ 10. Plaintiff provided the questionnaire in 2019. SAC ¶ 10.

In February 2021, Plaintiff was told that he would need to sit at the front counter. SAC ¶ 11. Plaintiff objected. SAC ¶ 11. Plaintiff asserts that he did not object to assisting customers but rather to sitting at the front counter when no customers were present. SAC ¶ 11. Plaintiff asserts that Defendant had no business necessity for having Plaintiff sit at the counter when no customers were present. SAC ¶ 11.

In April 2021, to address Plaintiff's objection, Defendant asked Plaintiff to return a medical questionnaire certifying he had a disability and needed an accommodation. SAC ¶ 12. Plaintiff objected to providing the requested documentation. SAC ¶ 12. In May 2021, Defendant sent Plaintiff to a fitness for duty exam. SAC ¶ 12.

In July 2021, Plaintiff requested copies of all records that relate to this "ADA status." SAC ¶ 15. Plaintiff asserts that Defendant withheld "ADA records." SAC ¶ 15. Also in July 2021, Plaintiff complained to Defendant's Human Resources. Plaintiff also complained to the Equal Employment Opportunity Commission ("EEOC"). In late July 2021, Defendant provided Plaintiff with a supplemental medical questionnaire. SAC ¶ 17. Plaintiff objected to the supplemental medical questionnaire. SAC ¶ 17.

On September 1, 2021, Plaintiff advised Defendant that he was scheduled for an interview with the California Department of Fair Employment and Housing ("DFEH"). SAC ¶ 18. Plaintiff participated in an investigatory interview by the DFEH on October 28, 2021. SAC ¶ 18.

On November 2, 2021, Defendant again directed Plaintiff to submit to a fitness for duty exam. SAC ¶ 19. According to Plaintiff, the "Notice of Directive was based in part on the premise that sitting at the front counter when no customers are present was a business necessity." SAC ¶ 19. That same day, Plaintiff challenged the Notice of Directive. SAC ¶ 20. On November 15, 2021, Plaintiff attended the fitness for duty exam. SAC ¶ 22. In November 2021, Plaintiff filed a grievance regarding the ADA process. SAC ¶ 26. On January 26, 2022, Defendant met with Plaintiff to discuss the results of the fitness for duty exam. SAC ¶ 22. On January 31, 2022, Defendant sent Plaintiff a summary of the January 26th meeting. SAC ¶ 22.

On March 22, 2022, Defendant reprimanded Plaintiff for incompetence, willful disobedience and neglect of duty for failing to follow an instruction to post projects in a tracking

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

software system. SAC ¶ 27. On April 4, 2022, Plaintiff filed a grievance. SAC ¶ 27. Plaintiff brought the grievance to a Merit System Appeals Panel on June 9, 2022. SAC ¶ 27. The Panel sustained Plaintiff's grievance and found the reprimand unsubstantiated. SAC ¶ 27. The Panel directed Defendant to remove the reprimand and grievance response from Plaintiff's personnel file. SAC ¶ 27. Plaintiff asserts that Defendant has not yet removed the reprimand and grievance from Plaintiff's personnel file based on Defendant's production of records responsive to General Order 71. SAC ¶ 27.

On August 29, 2022, Plaintiff asserted that his purported "modified schedule accommodation" was "missing" from Defendant's January 2022 meeting summary. SAC ¶ 28. Defendant stated that if Plaintiff wanted a modified schedule as an accommodation, he would need to submit to another medical exam. SAC ¶ 28. Rather, Defendant suggested that Plaintiff continued submitting annual requests to his Department Director to request a modified schedule. SAC ¶ 28.

## IV. <u>LEGAL STANDARD FOR MOTIONS TO DISMISS</u>

A complaint is properly dismissed if the facts alleged are insufficient to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12 (b)(6), the complaint must meet two criteria to satisfy FRCP Rule 8: (1) It must assert a plausible claim; and (2) It must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)) ["*Twombly/Iqbal*" standard]. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 662.

Pleadings are not satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Id.* To satisfy the *Twombly/Iqbal* standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

enough factual content to allow the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id.* The plausibility requirement requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. The Court is not required to accept as true "merely conclusory [allegations], unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).)

Claims for relief that cannot be cured by amendment should be dismissed without leave to amend. *Schmier v. US Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "futility of amendment" as a proper basis to dismiss without leave to amend).

## V. LEGAL ARGUMENT

### A. PLAINTIFF'S CLAIM FOR FAILURE TO ACCOMMODATE FAILS

Plaintiff's failure to accommodate claim is fatally flawed. To state a *prima facie* claim under the ADA that an employer has failed to accommodate a disability, Plaintiff must state facts that (1) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; (2) the employer received adequate notice; and (3) a reasonable accommodation is available that would not place an undue hardship on the operation of the employer's business. *Snapp v. United Transp. Union* 889 F.3d 1088, 1095 (9th Cir. 2018). Plaintiff's SAC lacks sufficient facts to establish a failure to accommodate claim under the ADA because 1) Plaintiff fails to assert even the most basic showing of an accommodation denied; and 2) Plaintiff has not set forth facts that the accommodations sought would not cause Defendant an undue hardship.

#### 1. Plaintiff Was Not Denied Any Requested Accommodation

At its root, a failure to accommodate claim requires some showing that the employer did not accommodate the Plaintiff. *Houston v. Regents of Univ. of California*, No. C 04-4443 PJH, 2006 WL 1141238, at *29 (N.D. Cal. May 1, 2006) (dismissing failure to accommodate claim as

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

a matter of law where employer accommodated plaintiff's disability). Here, Plaintiff's SAC identifies two accommodations: 1) a private office; and 2) a modified work schedule. However, Plaintiff has failed to show that Defendant denied Plaintiff any accommodation – reasonable or otherwise – that he requested. Plaintiff admits that he has continued to have a private office. SAC ¶ 8. While Plaintiff asserts that he was informed that he would have to work at the front counter to serve the public – Plaintiff does not assert that ever actually occurred. SAC ¶ 11. Plaintiff does not state any facts that he is no longer seated in a private office. SAC ¶ 9, 55, 59.

Further, Plaintiff does not assert that his actual work hours have changed or that he has been denied a modified schedule. SAC ¶ 8, 34, 61. Instead, Plaintiff asserts that his purported "modified schedule accommodation" was "missing" from Defendant's January 2022 meeting summary. SAC ¶ 28. Plaintiff admits that he currently continues to work a modified schedule. SAC ¶ 8. Plaintiff has not demonstrated that any requested accommodation was actually denied or removed. Without facts that Plaintiff requested a reasonable accommodation and that Defendant denied said accommodation, Plaintiff's discrimination claim fails.

**2. Plaintiff Cannot Prevail Without a Showing that the Reasonable Accommodation is Available and Would Not Cause an Undue Hardship on Defendant**

Even if we assume that Plaintiff was denied one of the accommodations mentioned in the SAC – a private office or a modified schedule – Plaintiff's SAC does not submit facts sufficient to demonstrate that the requested accommodations would not cause an undue hardship. Plaintiff's conclusory allegation that Defendant has no business necessity for having Plaintiff sit at the counter when no customers were present is unsupported and defies logic. SAC ¶ 11.

An employer ultimately has the discretion to choose what reasonable accommodations, if any, will be provided to an employee. *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 228-229 (1999). Here, Plaintiff admits that interacting with the public is an essential function of his job as a Senior Planner. SAC ¶ 7a. Yet, Plaintiff objects to sitting at the front counter when no customers are present. SAC ¶ 11. Plaintiff overlooks that fact that Defendant must have somebody present at the front counter when customers arrive. By his own admission, greeting the

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

public and being available to customers are within the scope of Plaintiff's essential functions of his job – these tasks are at the heart of "interacting with the public." Plaintiff simply concludes that having an empty front counter is not an undue hardship. But, Plaintiff ignores logical, safety and logistical concerns with an empty front counter. To prevail, Plaintiff must demonstrate that the accommodation requested is not an undue hardship to Defendant. Here, beyond conclusory allegations, Plaintiff's SAC has fails to address this element and his failure to accommodate claim fails.

**B. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT FOR HIS CLAIM FOR RETALIATION UNDER THE ADA BECAUSE HE WAS NOT SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION - LET ALONE DEMONSTRATE RETALIATORY ANIMUS**

Plaintiff fails to state facts to support a claim for retaliation. To establish a *prima facie* case of ADA retaliation Plaintiff must show that:

1. the employee engaged in an activity the ADA protects;
2. the employer took an adverse employment action against the employee; and
3. a causal link exists between the protected activity and the employer's adverse action.

*Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir.2003). The Supreme Court's decision in *Burlington Northern & Santa Fe Railway v. White* announced the standard for determining whether a retaliatory employment action is sufficiently severe to qualify as an adverse employment action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Although *Burlington* is a Title VII case, courts apply the same standard in ADA cases. *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015) (relying on the "analogous Title VII context"). In order to meet the standard, Plaintiff has to demonstrate that the action would have been materially adverse to a reasonable employee. *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 57. The challenged action must "resul[t] in an adverse effect on the 'terms, conditions, or benefits' of employment." *Id.* at 60. The Ninth Circuit has said that a plaintiff must establish " 'adverse treatment that is based on

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity.' " *Ray v. Henderson*, 217 F.3d 1234, 1242–1243 (9th Cir. 2000). Examples of adverse employment actions recognized by the Ninth Circuit include lateral job transfers or transfer of job duties, poor performance reviews or ratings, dissemination of an unfavorable job reference, being excluded from meetings that would have made the employee eligible for salary increases, or being denied secretarial support. *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir.1987); *St. John v. Employment Development Dept*., 642 F.2d 273, 274 (9th Cir.1981); *Hashimoto v. Dalton*, 118 F.3d 671, 676 (9th Cir.1997); *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859 (9th Cir. 2003). Here, Plaintiff fails to state facts to identify any adverse employment action that was taken against him, and fails to identify facts to show that any alleged adverse employment actions were motivated by retaliatory animus.

### 1. Plaintiff Has Not Shown Any Adverse Employment Action

Plaintiff claims that he was subjected to two Adverse Employment Actions: 1) a March 22, 2022 written reprimand; and 2) a November 15, 2021 fitness for duty exam. SAC ¶¶ 41, 42.

#### a. The Written Reprimand Was Expunged

First, as to the written reprimand, it was overturned and expunged from Plaintiff's personnel file. SAC ¶ 27. Therefore, it is as if the reprimand never occurred. Plaintiff has no lasting negative effects from the expunged written reprimand.

Given that the March 22, 2022 written reprimand was subject to modification through the grievance procedure, it was not sufficiently final to constitute an adverse employment action. In *Brooks v. City of San Mateo*, the Court found that while a performance review can constitute an adverse employment action, it is not an adverse employment action when it is subject to modification through appeal and therefore not sufficiently final to constitute an adverse employment action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 929-930 (9th Cir. 2000). *Cf. Dobbs–Weinstein v. Vanderbilt Univ.*, 185 F.3d 542, 546 (6th Cir.1999) ("Dobbs–Weinstein succeeded in the grievance process, and Vanderbilt's final decision was to grant her tenure. She has not here suffered a final or lasting adverse employment action sufficient to create a *prima facie* case of employment discrimination under Title VII. To rule otherwise would be to

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

encourage litigation before the employer has an opportunity to correct through internal grievance procedures any wrong it may have committed.") Similarly, while a written reprimand can be an adverse employment action, that is only the case where it is final. Here, Plaintiff successfully grieved the reprimand and it was expunged from his personnel file. Therefore, Plaintiff has not suffered a final or lasting adverse employment action from the written reprimand sufficient to create a *prima facie* case of retaliation.

Plaintiff theorizes that because Defendant kept documentation of the reprimand and grievance and produced same in its General Order 71 initial disclosures, the documentation must be maintained in his personnel file. SAC ¶ 53. Yet, General Order 71 disclosures expand well beyond Plaintiff's personnel file. Thus, the mere fact that Defendant maintained record of the events is not determinative of whether the reprimand was expunged from Plaintiff's personnel file. As the written reprimand was overturned by the Merit System Appeals Panel and removed from Plaintiff's personnel file, there is no adverse employment action stemming from the written reprimand.

**b. The Fitness for Duty Exam Did Not Constitute a Material Change to Plaintiff's Job**

Second, Plaintiff asserts that the November 15, 2021 fitness for duty exam originally requested in May 2021 was an adverse employment action. However, the fitness for duty exam did not materially impact Plaintiff's employment and is therefore not an adverse employment action. Rather, the fitness for duty exam is part of the required interactive process.

Participation in the interactive process does not constitute a material change to one's job. Rather, "[o]nce an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee." *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001); *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 805-808 (7th Cir. 2005). As part of the interactive process, an employer is entitled to meet with an employee, seek information from health care providers about an employee's work limitations, and can send an employee to a fitness for duty examination. 42 U.S.C. § 12112, subd. (d)(4)(A); 29 C.F.R. § 1630.14, subd. (c). Even where a goal of a medical

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

exam "was to determine whether the [employee] was 'an individual with a disability ... or the nature or severity of [her] disability," an employer may require the exam if it "is shown to be job-related and consistent with business necessity." *Yin v. California*, 95 F.3d 864, 867–68 (9th Cir. 1996) (second set of brackets in original). Notably, Plaintiff concedes that Defendant did not pursue the fitness for duty examination until after Plaintiff refused to provide requested medical documentation. SAC ¶ 12. In sum, Defendant fulfilled its obligation to Plaintiff by engaging him in the interactive process.

Plaintiff fails to state facts to show that either the written reprimand or the fitness for duty exam materially affected the terms and conditions of his employment, or were motivated by retaliatory animus. Plaintiff may have been upset or dissatisfied with the outcome of the interactive process, but that is not sufficient to state a claim for relief. *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 228 (1999). *See also Thomas v. Department of Corrections*, 77 Cal.App.4th 507, 511-512 (2000).

**2. <u>Plaintiff Fails to Demonstrate a Causal Connection Between Any Purported Adverse Employment Action and the Protected Activity</u>**

Assuming *arguendo* that Plaintiff has stated facts sufficient to show he was subjected to an adverse employment action, which he was not, Plaintiff also fails to assert facts to show a causal connection between any claimed adverse action and a protected activity. Plaintiff asserts eight separate instances of protected activity:

> 1) Plaintiff asked for an accommodation (¶9); 2) After being told he would be relocated on February 5, 2021, Plaintiff asked that his private office accommodation be respected(¶11); 3) Plaintiff made complaint under county Equal Employment Opportunity policy on July 14, 2021 (¶16); 4) Plaintiff made complaint to EEOC on July 14, 2021 (¶16); 5) Plaintiff participated in an investigatory interview by DFEH on October 28, 2021 (¶18); 6) Plaintiff expressed opposition regarding content of medical questionnaire (¶17); and 7) Plaintiff attempted to gather evidence by requesting records on multiple occasions (¶15 and 25); and 8) Plaintiff filed grievances (¶26 and 27).

SAC ¶ 39. Plaintiff's alleged "protected activity" occurred over a span of six years between August 2016 and August 2022. Plaintiff claims that he was subjected to two Adverse

/ / /



Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Employment Actions: 1) a March 22, 2022 written reprimand; and 2) a November 15, 2021 fitness for duty exam. SAC ¶¶ 41, 42.

**a. No Temporal Proximity Exists**

Plaintiff attempts to claim temporal proximity to establish retaliatory animus but even he admits that the "grievance response alleging poor performance described a time period that *coincided* with the time period in 2021 during which Plaintiff had engaged in numerous protected activities." SAC ¶ 47 (emphasis added). Mere coincidence is not sufficient to demonstrate the required causal link. To prevail, Plaintiff must demonstrate that "a causal link exists between the protected activity and the employer's adverse action." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir.2003).

Engaging in protected activity is not an immunity idol that forever protects the employee from adverse employment actions. Plaintiff admits that he informed Defendant of his disability in 2016. SAC ¶ 9. Yet, the purported adverse employment actions occurred in November 2021[1] and March 2022 – more than four years after Defendant learned of Plaintiff's disability. Plaintiff cherry-picks facts and asserts that the written reprimand was temporally proximate to the 2021 interactive process. SAC ¶ 47. However, Defendant has been engaged in the interactive process with Plaintiff since 2016. SAC ¶ 9. Under Plaintiff's theory, any unfavorable treatment from 2016 to the present would justify a causal connection. However, the mere fact that an employee engaged in protected activity does not prohibit the employer from ever engaging in performance management or discipline.

As to the fitness for duty exam, Plaintiff stretches the facts to claim that "The Notice of Directive for the fitness for duty exam occurred five days after Plaintiff was interviewed by the [DFEH.]" SAC ¶ 50. Plaintiff ignores the fact that Defendant advised Plaintiff of the fitness for duty exam on May 20, 2021 - before Plaintiff complained to the EEOC; before Plaintiff was interviewed by the DFEH; before Plaintiff requested records; before Plaintiff filed a grievance regarding the ADA process; and before Plaintiff opposed the content of the medical questionnaire. SAC ¶ 12, 15, 16, 17, 18, 26. Given the sequence of events, the fitness for duty

[1] Defendant first requested that Plaintiff submit to a fitness for duty exam in May 2021. SAC ¶12.



Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

exam could not possibly have been conducted in retaliation for any protected activity as the wheels were already in motion before Plaintiff's DFEH interview.

As to the written reprimand – which has been expunged – the timing once again is insufficient to create a causal link. The written reprimand was issued in March 2022. SAC ¶ 27. Yet, the bulk of the alleged protected activity occurred well before the written reprimand was issued. For example, Plaintiff complained to both Defendant's Human Resources and the EEOC on July 14, 2021 – eight months prior to the written reprimand. Plaintiff's SAC lacks any facts that would support a finding of temporal proximity to support a cause and effect relationship between an alleged protected activity and the claimed adverse actions.

**b. Defendant Had Legitimate Business Reasons for Both the Written Reprimand and the Fitness for Duty Exam**

Moreover, Defendant had legitimate business reasons for both the written reprimand and the fitness for duty exam. 42 U.S.C. § 12113(a). *Smith v. Barton*, 914 F.2d 1330, 1340 (9th Cir. 1990); *Surrell v. Cal. Water Serv*., 518 F.3d 1097, 1106 (9th Cir. 2008). The Ninth Circuit has plainly stated that federal statutes proscribing employment discrimination, such as the ADA, were not intended as a vehicle for the general judicial review of business decisions. *See Douglas v. Anderson*, 656 F.2d 528, 534 (9th Cir. 1981).

Here, the March 22, 2022 written reprimand was based on Plaintiff's performance – namely incompetence, willful disobedience and neglect of duty stemming from Plaintiff's failure to follow an instruction to post projects in a tracking software system. SAC ¶ 27. The written reprimand was based solely on Plaintiff's job performance. Defendant has a legitimate business basis for tracking projects within the Planning Department.

Similarly, the fitness for duty examination was the result of Defendant's efforts to engage in the interactive process. Defendant has an obligation to ascertain Plaintiff's needed accommodations – again, this is part and parcel of the interactive process. In fact, Defendant did not pursue the fitness for duty examination until after Plaintiff refused to provide requested medical documentation. SAC ¶ 12.

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

In both instances, Defendant had legitimate, non-discriminatory business reasons for the actions taken. Any suggestion otherwise is pure fiction.

**c. None of the "Other Conduct" Cited by Plaintiff Establishes a Causal Link Between an Adverse Action and the Protected Activity**

In a desperate attempt to create a causal link, Plaintiff cites to a variety of other unrelated facts in an effort to string together causation. However, other than Plaintiff arbitrarily attributing retaliatory intent, none of the facts demonstrate the necessary causal link between the protected activity and the adverse employment action.

For example, Plaintiff cites to Defendant withholding requested records regarding Plaintiff's "ADA status." SAC ¶ 53. However, Plaintiff does not explain how withholding documents links either the written reprimand or the fitness for duty exam to Plaintiff's protected activity. Similarly, Plaintiff points to Defendant proceeding with an interactive process meeting while Plaintiff was sick at home – but does not make the connection to explain how that demonstrates that either the written reprimand or fitness for duty exam were retaliatory in nature. SAC ¶ 52. Plaintiff likewise asserts that Defendant told him that he was going to be moved out of his private office – although he never was moved – but once again does not explain how this demonstrates that either of the two purported adverse employment actions occurred because of Plaintiff's protected activity. SAC ¶ 55.

**C. PLAINTIFF FAILS TO STATE FACTS TO SUPPORT HIS CLAIM FOR INTERFERENCE UNDER THE ADA**

Plaintiff's SAC lacks sufficient facts to establish an interference claim under the ADA. Under the ADA it is unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on the account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b).

With respect to an ADA interference claim, the Ninth Circuit has adopted the test for anti-interference claims under the Fair Housing Act, Title 42 United States Code section 3617,

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

("FHA"). *Brown v. City of Tucson*, 336 F.3d 1181, 1191–1193 (9th Cir. 2003). As *Brown* put it, "it is clear that, given the broad remedial purpose of the ADA, the plain language . . . clearly prohibits a supervisor from threatening an individual with *transfer, demotion, or forced retirement* unless the individual foregoes a statutorily protected accommodation . . . [and] [w]e emphasize that conclusory allegations –without more –are insufficient to state a violation . . . [thus] [a]n ADA plaintiff must also demonstrate that she has suffered a "distinct and palpable injury" as a result of the threat [such as] either the giving up of her ADA rights, or some other injury which resulted from her refusal to give up her rights, or from the threat itself." *Brown*, 336 F.3d at 1192-93 (internal quotations and citations omitted) (emphasis supplied). To establish an interference claim Plaintiff must demonstrate that he: (1) engaged in activity statutorily protected by the ADA; or (2) engaged in, or aided or encouraged others in, the exercise or enjoyment of ADA protected rights; (3) that the defendant coerced, threatened, intimidated, or interfered on account of his protected activity; and (4) that the defendants were motivated by an intent to discriminate. *Frakes v. Peoria Sch. Dist.*, 872 F.3d 545, 550–51 (7th Cir. 2017).

Here, Plaintiff does not state any facts to show that Defendant coerced, threatened or intimidated him for seeking reasonable accommodations. To the contrary, Plaintiff describes the extensive interactive process that Defendant engaged in and the accommodations he was provided – namely a private office and a modified schedule. SAC ¶¶ 9, 11, 12, 13, 19 and 24.

First, Plaintiff asserts that his Director and supervisor told him that he does not have a documented disability. SAC ¶ 58. However, Plaintiff provides no context for these statements. Given the lengths that Defendant went through to obtain documentation of Plaintiff's disability, these statements do not appear threatening but rather advisory by letting Plaintiff know that additional documentation is needed.

Second, Plaintiff asserts that Defendant told him that he was going to be moved out of his private office – but Plaintiff does not indicate where he would be moved to. SAC ¶ 59. There are no facts in the SAC to indicate that Plaintiff was going to be moved to a non-private space. Defendant is well within its rights to move Plaintiff to another comparable private office.

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Without additional context, there are no facts to demonstrate intimidation based on a mere intention to move offices.

Third, Plaintiff asserts that Defendant demanded medical documentation as a basis for his Interference claim. SAC ¶ 60. Once again, the ADA permits employers to request medical documentation. Plaintiff's SAC does not explain how an employer's request for medical documentation of disability and reasonable accommodation is in any way threatening or intimidating.

In sum, there are no facts pleaded in the SAC to show Defendant had an intent to discriminate against Plaintiff. Beyond conclusory platitudes, Plaintiff fails to actually state any facts to show that Defendant engaged in interference motivated by an intent to discriminate. As such, Plaintiff's claim must be dismissed, without leave to amend, since the SAC fails to include facts to cure the defects raised by Defendant in its first motion to dismiss.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

### D. PLAINTIFF'S REQUEST FOR COSTS INCURRED FOR THE INTERACTIVE PROCESS IS IMPROPER AND MUST BE STRICKEN FROM THE SAC

A motion to dismiss is the proper procedure to attack improper damage claims in a complaint. *See Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973–74 (9th Cir. 2010); *Agape Family Worship Ctr., Inc. v. Gridiron*, No. 5:15-CV-1465-ODW-SPX, 2016 WL 633864, at *6 (C.D. Cal. Feb. 16, 2016). Plaintiff seeks "$1,650 in economic damages for actual direct costs incurred through February 2022 associated with the interactive process." SAC ¶65. These costs were not incurred in connection with the instant case. Rather, this is a back-door attempt by Plaintiff to recover unrelated, pre-litigation attorney's fees despite the fact that he is in pro per. Notably, Plaintiff's First Amended Complaint ("FAC") sought "$1,650 in attorney's fees incurred through February 2022 associated with the interactive process and are not associated with this lawsuit." FAC ¶35. Thus, Plaintiff is attempting to recover attorney's fees by re-packaging them as "costs."

Requests for attorney's fees under the ADA are limited to court and administrative proceedings and do not extend to costs incurred for the interactive process. The court has

discretion to award to a prevailing party reasonable attorney fees, litigation expenses, and costs in any court action or administrative proceeding brought under the employment-related provisions of the ADA. 42 U.S.C. §§ 12117(a), 12133, 2000e-5(k); 29 U.S.C. § 794a(b) (preempted on other grounds by *Joren v. Napolitano*, 633 F.3d 1144 (7th Cir. 2011)). As Plaintiff is appearing in pro per and the attorney's fees sought were not incurred in connection with litigation or an administrative hearing, Plaintiff's request for costs consisting of attorney's fees must be stricken from the SAC.

## VI. CONCLUSION

For the foregoing reasons, Defendant requests that Plaintiff's entire Second Amended Complaint be dismissed, without leave to amend.

Dated: May 8, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: Dana L. Burch

Joung H. Yim
Dana L. Burch
Ariana R. Fil
Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **May 8, 2023,** I served the foregoing document(s) described as **DEFENDANT COUNTY OF HUMBOLDT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF STEVEN A. SANTOS' SECOND AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Mr. Steven A. Santos
1224 S Street
Eureka, CA 95501
Telephone: 503-709-3450
Email: santos@peak.org

☑ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **(BY ELECTRONIC SERVICE PROVIDER)** I am readily familiar with the firm's practice for filing electronically. Through use of the Court's CM/ECF electronic filing system, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

Executed on **May 8, 2023**, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Qianxi Loo
Qianxi Loo