Joung H. Yim, Bar No. 216136
jyim@lcwlegal.com
Dana L. Burch, Bar No. 224713
dburch@lcwlegal.com
Ariana R. Fil, Bar No. 341814
afil@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone: 415.512.3000
Facsimile: 415.856.0306

Attorneys for Defendant COUNTY OF HUMBOLDT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - EUREKA-MCKINLEYVILLE

| | |
|---|---|
| STEVEN A. SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HUMBOLDT,<br><br>Defendant. | Case No.: 1:22-cv-07485-RMI<br><br>Complaint Filed: November 28, 2022<br>FAC Filed: January 26, 2023<br>SAC Filed: April 24, 2023<br><br>**DEFENDANT COUNTY OF HUMBOLDT'S REPLY TO PLAINTIFF STEVEN A. SANTOS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date: June 20, 2023<br>Time: 11:00 a.m.<br>Judge: Honorable Robert M. Illman<br>Courtroom: Eureka-McKinleyville Federal Courthouse |

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

# TABLE OF CONTENTS

Page

I. INTRODUCTION ....................6

II. LEGAL ARGUMENT ....................6

A. REVIEW MUST BE LIMITED TO THE FOUR CORNERS OF THE COMPLAINT ....................6

B. PLAINTIFF'S SAC STILL LACKS SUFFICIENT FACTS TO STATE A CLAIM FOR FAILURE TO ACCOMMODATE....................6

1. Plaintiff Still Has Not Demonstrated that His Work Schedule Has Actually Changed....................7

2. Plaintiff Still Has Not Demonstrated that He Has Actually Been Removed From a Private Office ....................7

3. When Plaintiff's Extraneous Facts are Eliminated, Plaintiff has Not Stated Facts To Show that the Accommodations Do Not Cause an Undue Burden on Defendant. ....................7

C. PLAINTIFF'S SAC STILL LACKS SUFFICIENT FACTS TO STATE A CLAIM FOR RETALIATION....................8

1. Plaintiff Has Failed to Establish an Adverse Employment Action....................8

a. The Written Reprimand was Not Final – And Was Successfully Grieved ....................8

b. A Fitness for Duty Exam is Not an Adverse Action....................9

2. Coincidence is Not Causal Connection....................10

3. Plaintiff's SAC Has No Facts to Dispute Defendant's Legitimate Business Reasons....................11

4. The "Other Conduct" Cited by Plaintiff Still Fails to Establish a Causal Link Between any Purported Adverse Action and the Protected Activity....................12

D. PLAINTIFF'S SAC STILL LACKS SUFFICIENT FACTS TO STATE A CLAIM FOR INTERFERENCE ....................12

1. Plaintiff's Opposition Still Does not State Facts To Demonstrate that he was Removed from a Private Office to a Shared Space ....................13

2. Plaintiff's Dissatisfaction with the Interactive Process Is Not Sufficient to Demonstrate Facts to Support a Claim of Intimidation or Interference ....................13

E. PLAINTIFF ADMITS THAT HE IS SEEKING IMPROPER ATTORNEY'S FEES DISGUISED AS DAMAGES ....................................14

III. CONCLUSION ....................................................................................................14

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adusumilli v. City of Chicago*
164 F.3d 353 (7th Cir.1998), *cert. denied*, 528 U.S. 988, 120 S.Ct. 450, 145 L.Ed.2d 367 (1999) ....... 10

*Barnett v. U.S. Air, Inc.*
228 F.3d 1105 (9th Cir. 2000) ....... 9

*Brooks v. City of San Mateo*
229 F.3d 917 (9th Cir. 2000) ....... 8

*Brown v. City of Tucson*
336 F.3d 1181 (9th Cir. 2003) ....... 12, 13

*Burlington N. & Santa Fe Ry. Co. v. White*
548 U.S. 53 (2006) ....... 8

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) ....... 12

*Conner v. Schnuck Markets, Inc.*
121 F.3d 1390 (10th Cir.1997) ....... 10

*Davidson v. Midelfort Clinic, Ltd.*
133 F.3d 499 (7th Cir.1998) ....... 10

*Davis v. Team Elec. Co.*
520 F.3d 1080 (9th Cir. 2008) ....... 8

*Douglas v. Anderson*
656 F.2d 528 (9th Cir. 1981) ....... 11

*Filipovic v. K & R Express Sys., Inc.*
176 F.3d 390 (7th Cir.1999) ....... 10

*In re Gilead Sciences Securities Litigation*
536 F.3d 1049 (9th Cir. 2008) ....... 12

*Lee v. City of Los Angeles*
250 F.3d 668 (9th Cir. 2001) ....... 6

*Paluck v. Gooding Rubber Co.*
221 F.3d 1003 (7th Cir.2000) ....... 10

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ....... 12

*Straws v. Del Toro*
2021 WL 4989831 (W.D. Wash. Oct. 27, 2021) ....... 9

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

*T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*
806 F.3d 451 (9th Cir. 2015) ....................8

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*
570 U.S. 338 (2013)....................8

*Vasquez v. Cnty. of Los Angeles*
349 F.3d 634 (9th Cir. 2003), ....................10

*Villiarimo v. Aloha Island Air, Inc.*
281 F.3d 1054 (9th Cir. 2002) ....................10, 11

**State Cases**

*Hanson v. Lucky Stores, Inc.*
74 Cal.App.4th 215 (1999) ....................12

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## I. INTRODUCTION

Despite three chances to perfect his Complaint, Plaintiff has been unable to state facts sufficient to proceed on his claims. Like Plaintiff's Second Amended Complaint ("SAC"), Plaintiff's Opposition is heavy on conclusory statements and short on facts. Plaintiff cannot state a claim for failure to accommodate because he is still working a flexible schedule from his private office. Plaintiff's retaliation claim is fatally flawed because Plaintiff still has not set forth any facts that demonstrate he has suffered any adverse employment action. Finally, Plaintiff's interference claim is lacking because Plaintiff has not demonstrated any intimidation or coercion – let alone a palpable injury. Plaintiff's SAC must be dismissed, and without leave to amend since Plaintiff's SAC remains devoid of facts to survive a motion to dismiss.

## II. LEGAL ARGUMENT

### A. REVIEW MUST BE LIMITED TO THE FOUR CORNERS OF THE COMPLAINT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "[T]he court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials)." *Id.* at p. 688.

Accordingly, in ruling on the instant motion and determining whether Plaintiff failed to state a cause of action upon which relief can be granted, the Court must disregard any new facts alleged by Plaintiff in his Opposition, including those at page 1 at line 21 through page 4 line 20 and must, instead, base its ruling upon those facts alleged within the four corners of the SAC.

### B. PLAINTIFF'S SAC STILL LACKS SUFFICIENT FACTS TO STATE A CLAIM FOR FAILURE TO ACCOMMODATE

Plaintiff's claim for failure to accommodate is not bolstered by Plaintiff's Opposition because Plaintiff's SAC still fails to state facts to show that Defendant did not accommodate him.

/ / /

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**1. Plaintiff Still Has Not Demonstrated that His Work Schedule Has Actually Changed**

Despite his blustering, Plaintiff never asserts facts that he has actually been asked to work any schedule other than that of his choosing. This fact is confirmed in Plaintiff's Opposition when he states that he states that he is able to make a daily choice as to which hours he works. Opposition at p. 4:2-4. Plaintiff doubles down on his admission that his work hours have not actually changed when he admits that his failure to accommodate claim is based on the flexible schedule accommodation missing from two written summaries. Opposition at p. 4:6-9. There are zero facts that demonstrate that Defendant has not accommodated Plaintiff's request for a flexible work schedule.

**2. Plaintiff Still Has Not Demonstrated that He Has Actually Been Removed From a Private Office**

Plaintiff's Opposition never denies the fact that Plaintiff continues to work in a private office. Further, Plaintiff seemingly withdraws his claim for failure to accommodate based on the allegation that he was removed from a private office. Opposition at p. 4:18-20. Therefore, Defendant need not address the private office component of this claim further.

**3. When Plaintiff's Extraneous Facts are Eliminated, Plaintiff has Not Stated Facts To Show that the Accommodations Do Not Cause an Undue Burden on Defendant.**

In order to attempt to demonstrate that the SAC has stated facts sufficient to eliminate an undue burden argument from Defendant, Plaintiff asserts a plethora of new facts beyond the four corners of the SAC. This is de facto evidence that the SAC is deficient. Once we set aside the extraneous facts, Plaintiff's Opposition on this point has no substance or merit. Plaintiff argues that Defendant did not show how a modified schedule represents an undue burden. However, Defendant does not have the burden to properly plead claims in the SAC – Plaintiff does. Moreover, Defendant does not need to demonstrate an undue burden for the flexible schedule accommodation because Plaintiff has failed to state facts sufficient to demonstrate that his work hours have been altered.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**C. PLAINTIFF'S SAC STILL LACKS SUFFICIENT FACTS TO STATE A CLAIM FOR RETALIATION**

Plaintiff's Opposition fails to cure the glaring lack of factual support for Plaintiff's claim for Retaliation. Plaintiff's SAC does not assert facts to establish an adverse employment action – let alone to make the necessary causal connection.

Plaintiff's interpretation of the case law on what constitutes an adverse employment action misses the mark. Regarding the adverse employment action, Plaintiff must show that the complained-of action "materially" affected a term of her employment. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). Regarding causation, Plaintiff must show "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the [defendant]." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *see also T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (adopting the Nassar but-for causation standard for ADA retaliation claims). While Plaintiff eschews the legal standard for an adverse employment action set forth under *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006), Plaintiff does not set forth any alternate legal support for his position. Moreover, the language cited to by Plaintiff is limited to the context of an antiretaliation provision and has no bearing on the instant matter. Opposition at p. 6:11.

**1. <u>Plaintiff Has Failed to Establish an Adverse Employment Action</u>**

**a. The Written Reprimand was Not Final – And Was Successfully Grieved**

Plaintiff's claim that the written reprimand constitutes an adverse employment action to support a retaliation claim is unfounded. The written reprimand was not final. Ultimately, the written reprimand was rescinded and Plaintiff did not suffer any adverse employment action. Where an action is not final, it cannot be an adverse employment action. *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000).

While Plaintiff's Opposition includes a thorough discussion of the term "expunged," the end result was that the written reprimand was successfully grieved. SAC ¶ 27. Whether

/ / /

expunged, rescinded or overturned, the bottom line is that Plaintiff did not suffer an adverse employment action because the written reprimand did not materially impact his employment.

**b. A Fitness for Duty Exam is Not an Adverse Action**

The fitness for duty exam did not materially impact the terms of Plaintiff's employment – therefore it did not constitute an adverse employment action. *See Straws v. Del Toro*, No. C19-6178 BHS, 2021 WL 4989831, at *6 (W.D. Wash. Oct. 27, 2021) (holding that a fitness for duty exam is not an adverse employment action because there was no adverse impact on the employment because of the exam.) The fitness for duty exam is part of the interactive process that the Defendant was required to engage in under the ADA.

Plaintiff's Opposition asserts that the fitness for duty exam was retaliatory because he had already submitted sufficient medical documentation. However, Plaintiff admits that Defendant told him the medical documentation was insufficient to make accommodation decisions and Plaintiff admits that he objected to Defendant's request to return a medical questionnaire. SAC ¶¶ 12 and 13. Plaintiff overlooks the fact that the interactive process is just that – a process. Defendant has an ongoing obligation to engage in the interactive process and an ongoing obligation to provide reasonable accommodations. Plaintiff's theory that he need only provide documentation once in 2016 and then Defendant can never seek guidance from a medical professional again is contrary to the obligations under the ADA. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113 (9th Cir. 2000) ["The interactive process is at the heart of the ADA's process and essential to accomplishing its goals. It is the primary vehicle for identifying and achieving effective adjustments which allow disabled employees to continue working without placing an 'undue burden' on employers."] While Plaintiff's definition of an adverse action is misguided, even if accepted as true, a fitness for duty exam could not deter an employee from engaged in protected activity because it is part and parcel of the interactive process.

Plaintiff has not asserted facts demonstrating that the fitness for duty exam impacted the terms of his employment or was inconsistent with business necessity. As such, Plaintiff has not demonstrated an adverse action – a necessary element of a retaliation claim.

/ / /

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**2. <u>Coincidence is Not Causal Connection</u>**

Even if Plaintiff had demonstrated an adverse employment action – which he has not - Plaintiff's Opposition confirms that Plaintiff's SAC lacks sufficient facts to demonstrate a causal connection between the protected activity and the alleged adverse actions. Timing alone will not show causation in all cases; rather, "in order to support an inference of retaliatory motive, the termination must have occurred 'fairly soon after the employee's protected expression.' " *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) citing *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009–10 (7th Cir.2000).

Plaintiff asserts that the protected activities and the adverse actions took place over 14 months. Opposition at p. 9:5-6. However, Courts have held that similar time frames are insufficient to demonstrate a causal link. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003), <u>as amended</u> (Jan. 2, 2004) (finding no causal link where the protected activity occurred 13 months prior to the alleged adverse action); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("A nearly 18–month lapse between protected activity and an adverse employment action is simply too long, by itself, to give rise to an inference of causation."). *See also Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 398–99 (7th Cir.1999) (four months too long); *Adusumilli v. City of Chicago*, 164 F.3d 353, 363 (7th Cir.1998) (eight months), *cert. denied*, 528 U.S. 988, 120 S.Ct. 450, 145 L.Ed.2d 367 (1999); *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 511 (7th Cir.1998) (five months); *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir.1997) (four months).

In his Opposition, Plaintiff asserts that setting aside his 2016 request for accommodation, the remaining protected activities occurred over a one year period between February 5, 2021 and February 14, 2022. Opposition at pp. 8:25-9:3. Yet, Plaintiff does not describe when each protected activity occurred such that causation can be determined. SAC ¶39. Of those protected activities identified by date, only one occurred before Plaintiff was asked to take a fitness for duty exam in May 2021 – namely Plaintiff's February 2021 request that his private office accommodation be respected. The remainder of the listed dates occurred after Defendant's May 2021 request for a fitness for duty exam. SAC ¶39. With respect to the written reprimand, it was

issued on March 22, 2022. Looking to paragraph 39 of the SAC, the alleged protected activities list dates five months or more before the written reprimand. The written reprimand did not occur on the heels of any claimed protected activity. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (causation can be inferred "where an adverse employment action follows on the heels of protected activity."). As demonstrated in Defendant's moving papers, Plaintiff lacks the temporal proximity necessary to establish a causal link.

### 3. <u>Plaintiff's SAC Has No Facts to Dispute Defendant's Legitimate Business Reasons</u>

Plaintiff's Opposition confirms that Plaintiff has no facts to dispute Defendant's legitimates business reason for any alleged adverse actions. As a preliminary matter, Defendant acknowledges that it argued in the alternative. Defendant asserts that neither the fitness for duty exam nor the written reprimand constitute an adverse employment action. However, if this Court deems either the fitness for duty exam or the written reprimand to be adverse employment actions, then Defendant asserts that each was based on legitimate business reasons.

Excluding the extraneous facts that exceed the boundaries of the Complaint, Plaintiff's Opposition raises more questions than answers. Plaintiff asserts that the written reprimand was not based on a legitimate business reason because it was successfully grieved. The mere fact that the written reprimand was overturned does not eliminate the possibility that Defendant issued the reprimand based on a legitimate reason. Unlike a grievance, a discrimination lawsuit is not intended as a vehicle for the general judicial review of business decisions. *See Douglas v. Anderson*, 656 F.2d 528, 534 (9th Cir. 1981). Here, by Plaintiff's own admission, the written reprimand was issued for "incompetence, willful disobedience and neglect of duty for failing to follow an instruction to post projects in a software tracking system." SAC ¶27. This is the epitome of a legitimate business reason.

With respect to the fitness for duty exam, Plaintiff's Opposition calls into question the legitimacy of Defendant's interactive process. However, Plaintiff admits that Defendant's own "agent" called upon to conduct the fitness for duty exam would recommend accommodations that he sees fit – even if they are identical to the current accommodations. Opposition at p. 11:23-24.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

This negates the nefarious theories posited by Plaintiff because it demonstrates that the medical examiner was clearly neutral. Defendant has every right to evaluate Plaintiff's medical needs and has the discretion to decide what accommodations are reasonable or not. *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 228-229 (1999).

**4. <u>The "Other Conduct" Cited by Plaintiff Still Fails to Establish a Causal Link Between any Purported Adverse Action and the Protected Activity</u>**

Plaintiff's Opposition asserts that the "other conduct" cited in paragraphs 52 through 56 of the SAC demonstrates a "consistent pattern of antagonism by Defendant toward Plaintiff" throughout the interactive process. Opposition at p. 12:4-5. Plaintiff's Opposition concludes that there is no legitimate reason for various actions by Defendant. However, he fails to state facts that these actions either are adverse employment actions or occurred because of Plaintiff's protected activity. Instead, Plaintiff arbitrarily assigns nefarious intent where none exists. The Court is not required to accept as true "merely conclusory [allegations], unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). When stripped of Plaintiff's conclusory statements and displeasure with the interactive process itself, Plaintiff's SAC remains lacking in facts to demonstrate a causal link.

**D. PLAINTIFF'S SAC STILL LACKS SUFFICIENT FACTS TO STATE A CLAIM FOR INTERFERENCE**

When stripped of Plaintiff's conclusory assertions, Plaintiff's SAC fails to plead facts sufficient to cobble together a claim for Interference. In order to make a showing of Interference, Plaintiff must suffer a "distinct and palpable injury" such as threats of transfer, demotion or forced retirement. *Brown v. City of Tucson*, 336 F.3d 1181, 1192–1193 (9th Cir. 2003). It is clear from *Brown v. City of Tucson*, that the sort of coercion, intimidation, threats, or interference contemplated in § 12203(b) is largely similar to the adverse employment actions requirement applied to ADA retaliation and discrimination claims.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Here, Plaintiff's only claims of Interference are that his supervisor said that he did not have a documented disability, requested medical documentation and told Plaintiff would have to sit in a shared space – which never actually occurred. Opposition at p. 12:9-10. In his SAC, Plaintiff describes his purported "palpable injury" as fear and anxiety that he will suffer an adverse employment action. SAC ¶64. Unwarranted fear of a possible future adverse employment action is not a palpable injury. Plaintiff has never been threatened with transfer, demotion or forced retirement – the types of threats that the *Brown* Court found to rise to the level of Interference. *Brown,* 336 F.3d at 1192-93. Quite simply, this is not the type of palpable injury contemplated by the statute.

**1. <u>Plaintiff's Opposition Still Does not State Facts To Demonstrate that he was Removed from a Private Office to a Shared Space</u>**

As detailed herein, there are no facts or evidence which indicate that Plaintiff has actually been removed from his private office. The mere fact that Plaintiff was told he would be moved from his private office does not necessarily mean that he would be moved to a shared space. Further, there is zero indication that any such move actually occurred. Nowhere in any of Plaintiff's three versions of the complaint is there any statement that Plaintiff is not currently continuing to work in a private office. Moreover, Defendant has discretion to determine accommodations. Defendant need not provide the requested accommodation, but rather a reasonable accommodation. A shared space may be a reasonable accommodation, depending on the circumstances and other accommodations provided. Here, Plaintiff has not suffered any distinct or palpable injury and his Interference claim fails.

**2. <u>Plaintiff's Dissatisfaction with the Interactive Process Is Not Sufficient to Demonstrate Facts to Support a Claim of Intimidation or Interference</u>**

Plaintiff's Opposition expresses Plaintiff's dissatisfaction with the interactive process, but does not demonstrate any Interference with Plaintiff's rights under the ADA. Plaintiff avers that he was discouraged from defending his modified schedule accommodation. Opposition at p. 13:9-10. However, Plaintiff does not state any facts to show that Defendant coerced, threatened

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

or intimidated him for seeking reasonable accommodations. Rather, Plaintiff's SAC details the lengthy interactive process that Defendant engaged in and the accommodations provided to Plaintiff. Plaintiff has failed to demonstrate any discriminatory intent. When stripped of Plaintiff's discontentment with the outcome of the interactive process, Plaintiff's SAC fails to state facts sufficient to demonstrate an ADA Interference claim.

**E. PLAINTIFF ADMITS THAT HE IS SEEKING IMPROPER ATTORNEY'S FEES DISGUISED AS DAMAGES**

Plaintiff admits that the $1,650 in "economic damages" sought represent pre-litigation attorney's fees. Opposition at p. 13:12-14. As detailed in Defendant's moving papers, these attorney's fee's pre-date the litigation and exceed those damages available under the ADA – especially in an action where Plaintiff is appearing in pro per. Therefore, Defendant requests that the Court strike Plaintiff's request for $1,650 in "economic damages."

## III. CONCLUSION

Based on the foregoing reasons, Defendant respectfully requests that Plaintiff's Second Amended Complaint be dismissed, without leave to amend.

Dated: May 30, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: [signature] Dana L. Burch

Joung H. Yim
Dana L. Burch
Ariana R. Fil
Attorneys for Defendant COUNTY OF HUMBOLDT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **May 30, 2023,** I served the foregoing document(s) described as **DEFENDANT COUNTY OF HUMBOLDT'S REPLY TO PLAINTIFF STEVEN A. SANTOS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Mr. Steven A. Santos
1224 S Street
Eureka, CA 95501
Telephone: 503-709-3450
Email: santos@peak.org

☑ **(BY ELECTRONIC SERVICE PROVIDER)** I am readily familiar with the firm's practice for filing electronically. Through use of the Court's CM/ECF electronic filing system, an electronic service provider, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

☑ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **May 30, 2023**, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Qianxi Loo
Qianxi Loo